**In the Matter of Dale Eugene SEARS and Bonnie Jean Sears, Debtors.**

**Patricia A. KOWALEWYCZ, Plaintiff,**

**v.**

**Dale Eugene SEARS and Bonnie Jean Sears, Defendants.**

**Bankruptcy No. 86–00158–SJ.**
**Adv. A. No. 86–0459–SJ.**

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph.

Dec. 12, 1986.

Robert D. Colley, Don Pierce, P.C., St. Joseph, Mo., for defendants.

Ralph W. Hicks, Pope, Nichols & Hicks, St. Joseph, Mo., for plaintiff.

MEMORANDUM FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF FINAL JUDGMENT DISMISSING COMPLAINT WITHOUT PREJUDICE TO ITS REINSTATEMENT, FOR DETERMINATION OF DISCHARGEABILITY *VEL NON*, IF AND WHEN A STATE COURT JUDGMENT IS RECOVERED AND ORDER GRANTING PLAINTIFF ANY RELIEF FROM THE AUTOMATIC STAY WHICH MAY BE NECESSARY TO HER PROSECUTING THE STATE COURT ACTION

DENNIS J. STEWART, Chief Judge.

This is an action brought by the plaintiff pursuant to § 523(a)(2) of the Bankruptcy Code for a decree of nondischargeability on the ground that defendants' indebtedness to plaintiff is a liability created by fraud. After appropriate prior written notice, the action came on before the court for plenary evidentiary hearing on December 11, 1986, in St. Joseph, Missouri. The following material facts were then stipulated by the parties. The defendant debtors have a daughter, Konda J. Sears. On March 16, 1984, she was a minor, aged 17 years. On the date, an automobile which she was operating was involved in a collision with an automobile being operated by plaintiff. On April 9, 1984, the defendants, for the payment to them of $704.44, executed a release of plaintiff for any further liability on account of the accident, stating, *inter alia,* that:

"we, the undersigned parents, jointly and severally, hereby covenant and agree to indemnify [plaintiff] hereinabove released and discharged, their heirs, executors, administrators, successors and assigns and to save them and each of them forever harmless against all loss and

damage from any and all further claims, demands, damages, actions and causes of action, which may hereafter at any time be made or brought against said parties or either of them by said child . . ., or by anyone in . . . her behalf in any way arising out of said accident . . . "

After Konda J. Sears obtained her majority, however, she filed a suit for damages against plaintiff on August 13, 1986, in the Circuit Court of Buchanan County, seeking relief on the basis of the same accident in the form of $75,000 damages. In that action, Patricia Kowalewycz joined the debtors as third-party defendants, alleging, on the basis of the above quoted portion of the release instrument, that if she were liable to Konda J. Sears, the debtors were liable to her in the same amount.

■ But the debtors had meantime, on January 13, 1986, filed the within bankruptcy proceedings. Therefore, the plaintiff has found it necessary to file a nondischargeability action in the bankruptcy court which, under § 523(c) of the Bankruptcy Code, has exclusive jurisdiction to determine such nondischargeability actions. Nevertheless, it is clearly within the discretion of the bankruptcy court to permit the claim underlying a dischargeability determination to be reduced to judgment in a state court or other court of competent jurisdiction. *Matter of Naughton,* 44 B.R. 670 (Bkrtcy.W.D.Mo.1984), and cases therein cited; *In re Mountjoy,* 368 F.Supp. 1087, 1096 (W.D.Mo.1973). If and when a state court judgment is obtained by the plaintiff, the bankruptcy court may then make the determination of its dischargeability *vel non* on the basis of the state court record plus any relevant supplemental evidence which the parties may desire to adduce. *Matter of Naughton, supra; In re Mountjoy, supra.* This exercise of discretion is especially appropriate in the case at

bar which is inextricably intertwined, as a third-party action, in state court litigation which is already pending. Counsel for debtors insists that the issue of dischargeability *vel non* should be first determined in this court, for, if the court should preliminarily determine the indebtedness to be dischargeable, the debtors could avoid the time and expense of defending the third-party action in the state court. Again, however, the facts which would be determinative of the dischargeability issue are closely associated with the factual issues which are destined to be tried in the state court. If debtors had no intention of honoring the release at the time they executed it, their liability to plaintiff under it may be nondischargeable.[1] And the presence or absence of that intention appears likely to be evidenced in connection with Konda J. Sears' prayer in the state court to nullify the release.[2] It seems therefore reasonably likely to serve economy and justice that the bankruptcy court permit trial and determination in the state court. Such trial and determination in that court, in fact, may well clarify the facts and perhaps obviate the duty which might otherwise devolve upon the bankruptcy court to commence a *sua sponte* inquiry into whether the debtors' use of the bankruptcy process to avoid an otherwise lawful liability and to free their daughter and themselves of the effect of the release while perhaps unjustly enriching their daughter and themselves at plaintiff's expense constitutes a "substantial abuse" of chapter 7 within the meaning of § 707(b) of the Bankruptcy Code. It seems more judicious and even-handed at this point to remit trial of the underlying claim to the state court where it is pending.

Therefore, in accordance with the foregoing considerations, the court shall issue its final judgment dismissing the complaint

---

1. "A mere promise to be executed in the future is not sufficient to make a debt non-dischargeable, even though there is no excuse for the subsequent breach. *A misrepresentation by the bankrupt of his intention . . . may constitute a false representation within the exception.*" 1A. Collier on Bankruptcy ¶ 17.16, pp. 1638, 1639 (14th ed. 1976) (Emphasis added.)

2. Further, if debtors' financial circumstances did not change significantly from April 9, 1984, to the time of filing bankruptcy, it would be a factor to be considered on the nondischargeability issue.

without prejudice to its reinstatement, for the determination of dischargeability *vel non* if and when any state court judgment is recovered and its order granting plaintiff any relief from the automatic stay which may be necessary for her to prosecute the third-party complaint in the state court.