**In re CINNABAR 2000 HAIRCUTTERS, INC., Debtor.**

Bankruptcy No. 82 B 20298.
Adv. No. 82 ADV 6090.

United States Bankruptcy Court, S. D. New York.

June 4, 1982.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiff, Estee Lauder, Inc.

R. Mark Goodman, White Plains, N. Y., for debtor/defendant.

## DECISION ON COMPLAINT FOR RELIEF FROM AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Estee Lauder, Inc., the plaintiff in this adversary proceeding for relief from the automatic stay under 11 U.S.C. § 362, seeks to enforce an injunction judgment entered in its favor against the debtor in the United States District Court for the Southern District of New York, restraining the debtor from using the tradename "Cinnabar" in connection with its business. The debtor argues, among other things, that the term "Cinnabar" in connection with its name is an equitable property right of the debtor's estate and that the enforcement of the District Court judgment would impair the debtor's attempt to effect a reorganization under Chapter 11 of the Bankruptcy Code, especially since the debtor is currently appealing the judgment in question.

## FACTS

There is no dispute as to the controlling facts. Plaintiff is a New York corporation which has for several years manufactured and distributed large quantities of beauty products throughout the United States under the tradename "Cinnabar". The debtor is a New York corporation operating a beauty salon under the name "Cinnabar 2000" at the Galleria Mall in White Plains, New York. On May 20, 1982, the debtor filed with this court its petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq.

On April 28, 1982, approximately one month before the debtor filed its Chapter 11 petition, Judge Morris E. Lasker signed a judgment entered in the United States District Court for the Southern District of New York, in an action entitled *Estee Lauder, Inc. v. Cinnabar 2000 Haircutters, Inc., et al*, which provides, inter alia, that the debtor is permanently enjoined from using the designation "Cinnabar" in any manner or form and directs the debtor to comply with the terms of the judgment, including eliminating the name "Cinnabar" from all signs appearing at its beauty salon. In addition to an allegation of damages, plaintiff charges that by virtue of the debtor's flagrant failure and refusal to comply with the judgment, the debtor is in contempt and should be subjected to appropriate civil and possibly criminal sanctions. Judge Lasker has also made an affirmative finding that the debtor's conduct is in contempt of the judgment. The plaintiff now seeks relief from the automatic stay so as to apply to the District Court to consider the contempt penalties, if any, to be imposed on the debtor.

## DISCUSSION

Since the judgment enjoining the debtor from using the name "Cinnabar" in connection with its business is currently on appeal, the debtor's right to such use has not been finally determined. Therefore, it might be argued that the debtor still has a sufficient equitable interest in the name so as to justify viewing its use by the debtor as property of the estate within the meaning of 11 U.S.C. § 541. However, since the debtor has not obtained a stay pending appeal, the plaintiff would ordinarily be entitled to enforce the District Court's judgment, absent the imposition of the automatic stay. The plaintiff reasons that the automatic stay should not be used as a shield to sanction contumacious conduct in violation of a prepetition judgment permanently enjoining the debtor from violating the plaintiff's property rights.

To state the issue is to answer it. In weighing the rights of the parties, the

scales tip heavily in favor of the plaintiff, who has obtained a judicial determination that it has a valuable property right in its tradename "Cinnabar" that is violated and damaged by the debtor's use of the same name in connection with its business. This is especially significant in light of the fact that the District Court has already found that the debtor's conduct is in contempt of the previously entered judgment.

In specifying the commencement or continuation of criminal actions or proceedings against a debtor as one of the eight exemptions from the automatic stay delineated under 11 U.S.C. § 362(b), the Legislative History gives the following reason:

> "The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension."

*House Report* No. 95–595, 95th Cong., 1st Sess. (1977) 342. *Senate Report* No. 95–989, 95th Cong., 2d Sess. (1978) 51, U.S.Code Cong. & Admin.News 1978, p. 5787. So too, the bankruptcy laws should not be a haven for contumacious conduct in violation of a party's judicially-determined tradename rights which will be diluted by a continuation of such conduct behind the shield of the automatic stay. The debtor may not use the automatic stay as a strategy device to circumvent its failure to obtain a stay pending appeal. Indeed, the District Court's denial of a stay pending appeal is a further indication that the debtor's claim that it possesses an equitable interest in the name "Cinnabar" hangs from a very fine thread.

Code § 362(d)(1) provides that a party in interest may request that the automatic stay be lifted for cause, including the lack of adequate protection of an interest in property of such party in interest. Moreover, Code § 362(g) declares that the debtor has the burden of proof on all issues to sustain the automatic stay, except the debtor's equity in property. In this case, the plaintiff has established a judicially-determined property right in the name "Cinnabar" as well as a finding by the District Court that the debtor's continued use of such name is in contempt of the prepetition judgment of injunction. The debtor has not offered anything that would adequately protect the plaintiff's right to prevent a dilution of its tradename.

Accordingly, the automatic stay with respect to the enforcement of judgments, as expressed in Code § 362(a)(2), should be vacated to allow the plaintiff to proceed in the District Court in order to determine what contempt sanctions, if any, may be imposed upon the debtor for violating the prepetition judgment of injunction.

## CONCLUSIONS OF LAW

1. The plaintiff has established that it is entitled to relief from the automatic stay for cause within the meaning of Code § 362(d)(1).

2. The plaintiff may seek enforcement of the injunction judgment entered in its favor in the United States District Court for the Southern District of New York to determine any penalties to be imposed upon the debtor for violating the prepetition judgment.

SUBMIT ORDER on Notice.