In re **HIGHCREST MANAGEMENT COMPANY, INC., Debtor.**

In re Stephen A. **MISHKIN, Debtor.**

**Bankruptcy Nos. 83B20043, 83B20041. Adv. Nos. 6057, 6058.**

United States Bankruptcy Court, S.D. New York.

June 20, 1983.

Bailey & Hoeniger, New York City, for Margaret E. Tedesco.

Barst, Mukamal & Babitt, New York City, for Highcrest Management Co., Inc.

Leonard E. Lombardi, Mount Kisco, for Stephen A. Mishkin.

**DECISION ON COMPLAINTS SEEKING TO LIFT AUTOMATIC STAY**

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The plaintiff, Margaret Tedesco, seeks relief from the automatic stay in these Chapter 11 cases in order to proceed with her class action now pending in the United States District Court for the Southern District of New York. In that action the plaintiff, on behalf of herself and others in the class similarly situated, claims that she and others were defrauded by the debtors, Highcrest Management Corp. and its principal Stephen Mishkin, when they were in-

duced into investing in various investment trusts created by the individual debtor, Stephen Mishkin. The debtors contend that they should not now be required to defend the class action in the District Court because it will drain them of time and legal fees that might more appropriately be applied towards their reorganization cases in this court. The corporate debtor, Highcrest Management Corp., also maintains that the plaintiff and members of the class action should be required to file their proofs of claim in the Chapter 11 case so that the claims might be contested on their merits in the Bankruptcy Court rather than as a class action in the District Court.

## FINDINGS OF FACT

1. The debtors, Highcrest Management Corp., a New York Corporation, and its principal, Stephen Mishkin, who is an attorney and a certified public accountant, each filed with this court on January 26, 1983, a petition for relief under Chapter 11 of the Bankruptcy Reform Act of 1978.

2. The individual debtor, Stephen Mishkin, was recommended to the plaintiff, Margaret Tedesco, as someone who had the professional expertise to assist her in maximizing her investment portfolio.

3. As a result of a meeting between the plaintiff's son, Richard Tedesco, and Stephen Mishkin, the plaintiff advanced $100,000 in September, 1982, to Stephen Mishkin to be invested in a trust fund known as the H.M.C. Investment Trust.

4. Thereafter Stephen Mishkin caused H.M.C. Investment Trust to loan the $100,000 to the debtor corporation, Highcrest Management Corp., which, in turn, invested the proceeds in a financially troubled company in Baltimore Maryland, known as the American Yeast Corp. Highcrest's interest in the American Yeast Corp. ultimately amounted to about 25%, which represents a net worth of about $135,000. The corporate debtor, Highcrest Management Corp., managed the investment portfolio of the investment trust.

5. Counsel for Highcrest Management Corp. has conceded for the record that the only prospect that the corporate debtor has for reorganization depends entirely upon the return that might be realized from its investment in the American Yeast Corp. On the liability side, the schedules of the debtor Highcrest Management Co. list total unsecured liabilities approximating $1,166,511.00, exclusive of contingent claims.

6. Apparently the other parties included in the class action also made investments in H.M.S. Investment Trust or trusts of a similar nature that were created by the debtor, Stephen Mishkin.

7. The debtors rested at the conclusion of the plaintiff's case without presenting any affirmative proof.

## DISCUSSION

The debtors maintain that the plaintiff has not established any basis for relief because the continuation of the class action in the United States District Court will undermine the debtors' efforts to effect a reorganization in the Bankruptcy Court. They also assert that it is only through a successful reorganization that this plaintiff and any of the members in the class in the District Court litigation will be able to receive any recovery for their investments.

This is not a case where a creditor seeks relief from the automatic stay in order to foreclose upon specific property of the estate; nor is this a case where a debtor desires to use, lease or sell certain property of the estate pursuant to Code § 363. The money that the plaintiff invested in the investment trust created by the debtor Stephen Mishkin is not property of either Chapter 11 estate within the meaning of Code § 541 because the money was advanced to H.M.S. Investment Trust and was held by the investment trust in a fiduciary capacity. Hence the money did not belong to the debtors Highcrest Management Corp. or Stephen Mishkin. Therefore, neither debtor may claim that the plaintiff's funds are necessary to a Chapter 11 reorganization.

Apart from having to spend time and money to defend the District Court class

action the debtors also face the possibility of liability for damages if they are not successful. Therefore, the debtors rely upon subsections (1) and (6) of Code § 362(a) which operate as a stay of:

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

\*    \*    \*    \*    \*    \*

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;"

The plaintiff seeks relief from the automatic stay in accordance with Code § 362(d)(1), which authorizes such relief:

"(1) for cause, including the lack of adequate protection of an interest in property of such part in interest;

In this case the plaintiff has presented evidence to support lifting the automatic stay for cause. The plaintiff has shown that her class action is one that relates to a bankruptcy case within the meaning of section d(3)(A) of the Emergency Bankruptcy Rule that was adopted by the District Court for the Southern District of New York. Hence, the Bankruptcy Court may only make findings of fact that are not binding on the District Court and with respect to which a de novo hearing may be had in the District Court. Moreover, the plaintiff has demanded a jury trial in the class action; jury trials are unavailable in this court under Emergency Rule (d)(1)(D). The plaintiff has also presented evidence that reorganization is unlikely; the only source for funding a reorganization is the 25% interest owned by the debtor, Highcrest Management, in the financially questionable American Yeast Corp. Both debtors filed their petitions for relief five months ago and have continued to obtain extensions for fil-

ing their schedules. There are no plans of reorganization on the horizon.

■ The debtors rested without presenting any evidence, notwithstanding that Code § 362(g)(2) provides that in any action for relief from the automatic stay the party opposing such relief has the burden of proof on all issues except on the issue of the debtor's equity in property. Since the issue of the debtor's equity in property is not relevant to this case, it follows that the debtor has the burden of proof on all the issues under Code § 362(d)(1) with respect to cause for relief. Where the debtor rests without presenting any evidence as to cause under Code § 362(d)(1), the debtor has failed to sustain the burden imposed under Code § 362(g)(2) and the automatic stay should be lifted. *In re Gauvin,* 24 B.R. 578, 10 B.C.D. 219 (Bkrtcy.App.—9th Cir.1982). For this reason alone, the plaintiff's request for relief from the automatic stay must be granted.

■ Additionally, the evidence in this case amply supports a lifting of the stay for cause. The concept of cause includes, but need not be limited to, the doctrine of adequate protection. Cause may include misconduct. *In re WHI, Inc.,* 28 B.R. 389, 10 B.C.D. 536 (D.C.S.D.1983). Cause may also include bad faith. *In re Nikron,* 27 B.R. 773, 10 B.C.D. 335 (Bkrtcy.E.D.Mich.1983); *In re 299 Jack Hemp Associates,* 20 B.R. 412, 9 B.C.D. 109 (Bkrtcy.S.D.N.Y.1982). The class action in the District Court is predicated on alleged misconduct and bad faith on the part of the debtors. The automatic stay should not be used as a shield to protect conduct which can only be fully and finally adjudicated in a case pending in the District Court. See *In re Cinnabar 2000 Haircutters, Inc.,* 20 B.R. 575 (Bkrtcy.S.D.N.Y.1982). The debtors have had a breathing spell of five months since the Chapter 11 cases were filed. They must now face the reality of defending the plaintiff's charges in the District Court where, if the debtors are successful, they will be in a better position to effect their desired reorganization in this court.

## CONCLUSIONS OF LAW

1. The debtors have failed to sustain their burden of proof, as imposed under Code § 362(g)(2), so as to justify the continuation of the automatic stay under Code § 362(a) with respect to plaintiff's class action now pending in the United States District Court for the Southern District of New York.

2. The evidence in this case reveals that there is ample cause to lift the automatic stay pursuant to Code § 362(d)(1) in order to allow the plaintiff to pursue her class action now pending in the United States District for the Southern District of New York.

3. Plaintiff is entitled to relief from the automatic stay with respect to the corporate debtor, Highcrest Management Corp., and with respect to the individual debtor, Stephen Mishkin, as requested in her complaint.

SUBMIT ORDER on notice.