**In re WESTWOOD BROADCASTING, INC., Debtor.**

**In re KDEO ASSOCIATES, Debtor.**

**In re Ronald Herbert JACOBS and Kristi Diane Jacobs, Debtor.**

**Bankruptcy Nos. 83–00318 to 83–00320.**

United States Bankruptcy Court, D. Hawaii.

Oct. 31, 1983.

Bartley F. Day, Hilo, Hawaii, for movants.

James Duca, Honolulu, Hawaii, for debtors.

## MEMORANDUM DECISION AND ORDER

JON J. CHINEN, Bankruptcy Judge.

A Motion for Relief from Automatic Stay of Suit Against Debtors was filed by Mag-

gie Herron and Peter Skrabak, hereafter "Plaintiffs", on September 14, 1983. A Final Hearing was held on October 17, 1983, at which hearing Bartley F. Day, Esq., represented Plaintiffs, and James N. Duca, Esq., represented Westwood Broadcasting, Inc., KDEO Associates, and Ronald Herbert Jacobs and Kristi Diane Jacobs, hereafter together referred to as "Debtors".

Based upon the evidence adduced, the memoranda and records herein and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Prior to the filing of Debtors' petition, Plaintiffs filed a Complaint in the Third Circuit Court, State of Hawaii, against KDEO Associates, Westwood Broadcasting, Inc., Archipelago Broadcasting Corp. and Ronald H. Jacobs, aka Ron Jacobs, alleging that said Defendants above named as owners and operators of KDEO Radio, breached a contract with Plaintiffs and that said Defendants engaged in unfair and deceptive trade practices.

On April 7, 1983, the parties indicated discovery was completed and they were ready for trial and the State Circuit Court set trial for September 12–14, 1983. However, said trial has been postponed indefinitely as a result of the stay imposed by the filing of Debtors' petitions for relief in bankruptcy.

On September 14, 1983, Plaintiffs filed a Motion For Relief From Automatic Stay of Suit Against Debtors contending that trial should be held before some of their witnesses leave the Islands, that some potential witnesses have already left the Islands and their whereabouts are not known. Plaintiffs further allege that, to force them to depose all fifteen or so potential witnesses to preserve their testimonies will be prohibitive costwise. Plaintiffs also state that they desire to add other parties as defendants and to proceed with pre-judgment attachments against them. Plaintiffs prefer to have one trial for all defendants, instead of two separate trials, one for the Debtors herein and one for all other defendants.

Plaintiffs state that they will not proceed against Debtors' assets without permission of the Bankruptcy Court but that they desire merely to liquidate their claim so that they may subsequently share equally with other unsecured creditors.

Debtors contend that, until Debtors' assets are sold, Debtors will not know whether there will be sufficient proceeds to pay unsecured creditors. Debtors contend that, if assets are not sufficient to pay unsecured creditors, they will not contest Plaintiffs' claims. Debtors thus contend that, to force Debtors to defend Plaintiffs' claims in the State Court action prior to the sale of their assets, primarily the radio station, may cause Debtors to spend time and money (administrative expenses) unnecessarily. Debtors agree that Plaintiffs may depose the potential witnesses to preserve their testimony and that Plaintiffs may add other parties as defendants and may proceed against these other defendants at any time.

### CONCLUSIONS OF LAW

Section 362(d) of the Bankruptcy Code reads in part as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

■ Under this section, an unsecured creditor may seek relief from the automatic stay. *In Re Holtkamp Farms, Inc.,* 669 F.2d 957, 5 C.B.C.2d 1412 (7th Cir.1982). There is nothing in the Code which provides that only secured creditors may seek relief from the automatic stay.

■ In the instant case, Plaintiffs have brought suit in the State Circuit Court, not only against Debtors herein, but also against a nondebtor defendant not under the protection of the Bankruptcy Court.

Plaintiffs desire to add two additional parties as defendants who are not in Bankruptcy Court and to proceed with the state court case before the assets of nondebtor defendants are depleted.

To force the Plaintiffs to proceed first only against the nondebtor defendants in the state court, then subsequently to proceed against the Debtors would result in a multiplicity of suits, involving unnecessary time and expense on the part of Plaintiffs.

Should the stay be modified to permit Plaintiffs to proceed in the State Court action as requested, there is no doubt that Debtors would incur some expenses to defend the action. However, since the attorneys for Debtors in the state court case were ready for trial in March or April of 1983, when the state court set the trial for September 12–14, 1983, the cost to prepare for the trial should be moderate. Such cost in and of itself should not and does not bar modification of the stay. *In Re Gerald P. McGraw,* 18 B.R. 140, 6 C.B.C.2d 257 (Bkrtcy.W.D.Wis.1982).

Cost to Plaintiffs to litigate two lawsuits is also a consideration. Plaintiffs Maggie Herron is currently unemployed and without income. Plaintiff Peter Skrabak currently nets $800.00 a month. In contrast, debtor Ron Jacobs currently receives in excess of $3000.00 a month in salary. In addition, the schedules of Debtors Ronald Herbert Jacobs and Kristi Diane Jacobs, (Case 83–00320) reveal property valued at $2,205,700.00 and debts, including unsecured claims, totaling $378,707.81. The schedules of debtor KDEO Associates reveals property valued at $888,729.24 with debts totaling $749,290.80. Financially, debtors appear better able to assume the expenses of trial than Plaintiffs.

For the foregoing reasons, the Court finds that, when the equities are balanced, and for the sake of judicial economy, the stay should be and is hereby lifted to permit Plaintiffs to proceed with the state court trial to adjudicate all the issues among Plaintiffs, Debtors and nondebtor defendants in one action, provided that Plaintiffs will not proceed further against Debtors'

properties without further Order of the Bankruptcy Court.