**In re UNIOIL, a Nevada corporation, Employer Identification No. 93–0782780, Debtor.**

**Thomas WILSON and Jacob Deutsch, Applicants,**

**v.**

**UNIOIL, a Nevada corporation, Respondent.**

**Bankruptcy No. 84–B–03959 J.**

United States Bankruptcy Court, D. Colorado.

May 10, 1985.

Steven Zimmerman, Joe Dischinger, Denver, Colo., Stephen P. Hoffman, New York City, Edwin Perlmutter, Denver, Colo., for applicants.

John Gaudio, Robert Calkins, Denver, Colo., Robert Mangels, Los Angeles, Cal., for respondent.

## ORDER ON MOTION FOR RELIEF FROM STAY

PATRICIA ANN CLARK, Bankruptcy Judge.

This matter comes before the Court on the motion of Thomas Wilson and Jacob Deutsch (hereinafter plaintiffs) for relief from stay.  The plaintiffs wish to proceed with a class action against Unioil, the debtor, for alleged violations of federal and state securities laws.  In addition to Unioil, the defendants in the lawsuit include 10 present and former officers and directors of Unioil, J.W. Weller & Co., Howard Bronson & Co., and Thomas Ackerly.  The lawsuit is currently pending in the United States District Court for the Central District of California.  The debtor opposes lift-

ing the stay on the grounds that it will jeopardize an effective reorganization, unduly prolong the administration of the case and result in an unnecessary dissipation of the estate assets. A hearing was held on April 22, 1985 at which time a stipulation of facts was entered into the record.

The plaintiffs allege that the debtor, through its officers and directors, issued false and misleading statements to the investing public regarding the condition of Unioil's business. These statements allegedly resulted in artificially inflating the price of Unioil common stock. The plaintiffs assert that Unioil stock sold as high as $14.125 per share during the class period and subsequently dropped to $3 per share after accurate facts about Unioil's business were revealed.

The plaintiffs filed their complaint in the California action on July 2, 1984. Unioil filed its petition for protection under Chapter 11 of the Bankruptcy Code on August 17, 1984, thus automatically staying the prosecution of the securities action against it. On January 25, 1985, the debtor filed a plan of reorganization. Then, on April 29, 1985, the debtor filed its first amended plan of reorganization and a disclosure statement. Approximately 20 objections to the disclosure statement were subsequently filed. As of this point no amended disclosure statement has ever been filed.

In the California action a tentative ruling certifying the plaintiffs' class has been issued and the final ruling was taken under advisement. The putative class consists of all purchasers of Unioil stock during the class period. This includes persons not provided for in the proposed plan because it provides for the claims of current shareholders, and not those securities claimants who no longer retain Unioil stock.

The question before this Court is whether it should modify the stay imposed by 11 U.S.C. § 362 to permit the plaintiffs to proceed against the debtor in the suit pending in the California district court. The reasons the debtor sets forth for denying modification of the stay are basically twofold. First, the plaintiffs have failed to make a prima facie showing that there is "cause" to lift the stay. Second, relief from stay would greatly jeopardize Unioil's ability to reorganize. Before addressing the merits of the debtor's arguments, a review of the applicable law is in order.

> The automatic stay ... is designed to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts. The stay insures that the debtor's affairs will be centralized, initially, in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all of the creditor's interests with one another.

*Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47, 55 (2d. Cir. 1976), *cert denied,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977).

Nevertheless, Congress has recognized that the automatic stay should be lifted in appropriate circumstances.

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

H.R.Rep. 95–595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5836, 6297.

Section 362(d) governs relief from stay. It provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization....

11 U.S.C. § 362(d).

■ Section 362(d) must be read in conjunction with Section 362(g) since the latter subsection allocates the burden of proof in motions seeking relief from stay. It provides,

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

Absent any issues concerning the debtor's equity in property, it follows that the debtor has the burden of proof in opposing motions for relief from stay. *In re High-crest Management Co., Inc.*, 30 B.R. 776 (Bankr.S.D.N.Y.1983). Once the party seeking relief from stay establishes a legally sufficient basis, i.e., "cause," for such relief, the burden then lies with the debtor to demonstrate that it is entitled to the stay. *In re Curtis*, 40 B.R. 795 (Bankr.D. Utah 1984) (hereinafter *Curtis* ).

Here the debtor asserts that the plaintiffs have failed to make a showing that there is "cause" to lift the stay. Although "cause" is not defined in the Bankruptcy Code, case precedent establishes certain factors which may be considered in deciding whether to lift a stay. The court in *Curtis* set forth 12 such factors. These factors include:

(1) Whether the relief will result in a partial or complete resolution of the issues.

(2) The lack of any connection with or interference with the bankruptcy case.

(3) Whether the foreign proceeding involves the debtor as a fiduciary.

(4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.

(7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).

(9) Whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).

(10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.

(12) The impact of the stay on the parties and the balance of hurt.

*Curtis,* 40 B.R. at 799–800.

■ Since not all of these listed factors are relevant to the case at hand, this Court has limited its scrutiny to those factors which do have application here, including one additional factor not set forth in *Curtis.* In applying the pertinent considerations to the facts of this case, the court finds that cause exists for lifting the stay and the debtors have failed to sustain their burden of showing that the stay should continue.

(A) *Resolution of the Issues.* The debtor urges this Court to engage in estimating the plaintiffs' claims for the purposes of confirming the plan of reorganization. Estimation of an unliquidated claim does not finally resolve the debtor's liability, instead it exposes the plaintiffs to multiple evidentiary proceedings since a determination of the ultimate liability of the debtor by a court of competent jurisdiction is unavoid-

able. On the other hand, granting the requested relief would allow the district court to fully resolve the liability issue.

(B) *Lack of Connection with the Bankruptcy Case.* The plaintiffs have limited their request for relief solely to the determination of the debtor's liability. Since the plaintiffs have sought only to litigate their claims to the point of judgment, and do not seek relief from stay in order to levy against the property of the debtor, such relief would not interfere with the bankruptcy case. *In re Shenberg,* 433 F.Supp. 677 (N.D.Ill.1977).

The debtor maintains that the key provision of the presently proposed reorganization plan is the agreement of Joseph & Associates to provide a $3 million loan to Unioil and to purchase an additional $3 million in stock. Furthermore, the debtor has indicated that this much needed cash infusion, and indeed the viability of the proposed plan, may be jeopardized if the stay is lifted. However, these bare assertions are insufficient to satisfy the debtor's burden of proof. *See In re Hoffman,* 33 B.R. 937 (Bankr.W.D.Okla.1983). The debtor failed to produce either a contract with Joseph & Associates or testimony of an authorized representative to substantiate that the debtor's assertions are not mere speculation. Furthermore, it would seem that a prospective investor would want to know the extent of the debtor's liability, if any.

(C) *Judicial Economy.* If the stay is not lifted and the bankruptcy court holds a hearing to estimate plaintiffs' claims, it is foreseeable that the plaintiffs will have to make two and possibly three evidentiary presentations concerning the same set of facts and circumstances. The first one would be in the bankruptcy court to estimate the claim, the second, to the district court at the trial against all the defendants except Unioil. Finally, the third proceeding would be the separate action against Unioil to determine their ultimate liability. Certainly litigation in triplicate defies interests of judicial economy.

(D) *Balance of Hurt.* The debtor has pointed out that the securities litigation will entail great expense, in terms of both time and money, that could otherwise be utilized towards affecting a successful reorganization. However, the high cost of defending the securities litigation is not sufficient, by itself, to constitute "great prejudice," which would preclude modification of the stay. *See Matter of McGraw,* 18 B.R. 140 (Bankr.W.D.Wis.1982). Furthermore, the presence of co-defendants may reduce the debtor's legal expenses since it would be able to draw upon the efforts of its co-defendants in defending against the securities prosecution.

In addition, the Court has no jurisdiction over the co-defendants in the securities litigation. Thus, the plaintiffs would be forced to proceed once against the debtor and once against the other defendants. As a result, this Court is of the opinion that retaining the stay would result in greater prejudice to the plaintiffs than would result to the debtor if the stay was lifted.

(E) *Cause May Include Misconduct.* This factor was not set forth in *Curtis* but it was considered by the court in *In re Highcrest Management Co., Inc.,* 30 B.R. 776 (Bankr.S.D.N.Y.1983). There the court stated,

> Cause may include misconduct.... The class action in the District Court is predicated on alleged misconduct and bad faith on the part of the debtors. The automatic stay should not be used as a shield to protect conduct which can only be fully and finally adjudicated in a case pending in the District Court.... The debtors have had a breathing spell of five months since the Chapter 11 cases were filed. They must now face the reality of defending plaintiff's charges in the District Court where, if the debtors are successful, they will be in a better position to effect their desired reorganization in this court.

*Highcrest,* 30 B.R. at 778.

The California action raises the specter of the debtor's misconduct. Furthermore, the debtor has had a breathing spell of over

nine months since it filed its petition. Effort should now be made toward the resolution of this matter.

The Court finds that good cause exists for granting relief from automatic stay, such that the prosecution of actions pending against debtor Unioil in the United States District Court for the Central District of California, entitled *Wilson v. DeRussy*, Civil No. 84–2400, and *Deutsch v. DeRussy, et al.*, Civil No. 842496, should be allowed to the point of judgment.

ORDERED that the automatic stay is lifted to allow the prosecution of the above-named actions in the United States District Court for the Central District of California, against debtor Unioil, to the point of judgment.