**In re Karl V. ANTON, JR., Debtor.**

**Bankruptcy No. 092–70120–21.**

United States Bankruptcy Court, E.D. New York.

June 24, 1992.

Peter R. Schlam, Schlam, Stone & Dolan, New York City, for movants.

Robert K. Malone, Shanley & Fisher, Morristown, N.J., for debtor.

Thomas S. D'Antonio, Nixon, Hargrave, Devons & Doyle, Garden City, N.Y., for Creditors Committee.

Scott Stuart, Office of the U.S. Trustee, E.D.N.Y., Garden City, N.Y.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

Before the Court is a motion by Lily Beter, as Executrix of the Estate of Peter D. Beter, Richard W. Bliss, and Tate & Bywater, Ltd. ("Movants") for relief from the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code, so that Movants may join the Debtor as a defendant in an action currently pending before Judge Carol Bagley Amon in the United States District Court for the Eastern District of New York.

On July 3, 1989 the Movants filed a civil suit in the United States District Court in the Eastern District of New York against AQN Associates, Inc. ("AQN") and Stuart Fisher ("Fisher"). The plaintiffs seek $6,000,000 in damages. The complaint alleges that the defendants (1) made fraudulent representations to Movants, (2) tortiously interfered with contract, (3) breached the fiduciary duties they owed to Movants, and (4) converted Movants' interest in the sale proceeds in connection with a real estate joint venture ("Riviera Project").

The Riviera Project is a project to develop certain property in Maryland. In essence, the complaint alleges that the Movants were to share in a 12% equity interest in the Riviera Project in exchange for securing financing and that they were defrauded of their promised share by the defendants, who include AQN.

The Debtor, Karl V. Anton, Jr. ("Anton" or the "Debtor"), is a major shareholder of AQN. AQN is listed in the Debtor's Schedule B, Item 12, as an asset, with Anton having a 100% ownership interest therein.

On April 16, 1991 the Movants moved in the United States District Court to amend their complaint to include the Debtor and John R. Quinn ("Quinn") as defendants in the pending lawsuit. According to the Movants, as a result of discovery, they learned that both Anton and Quinn had been part of the conspiracy to defraud then and had shared in the proceeds of the alleged fraud. While the motion to join Anton was pending, he filed, on August 12, 1991, for Chapter 11 protection in the United States Bankruptcy Court in the District of New Jersey. Earlier a corporation owned by Anton had filed in the same court enabling Anton to file in New Jersey as a related debtor. A motion to change venue was successful and the case was transferred to the Eastern District of New York on December 16, 1991.

The Debtor's petition does not list any of the Movants as creditors, but lists *Beter, Bliss and Tate v. AQN Assoc., Inc., Fisher, Quin and Anton,* as a pending lawsuit against the Debtor.

On February 11, 1992 Judge Amon authorized amendment of Movants' complaint to add Anton and Quinn as party defendants. An amended complaint adding Quinn as a defendant was filed. However, Anton could not be added as a defendant due to the automatic stay imposed by 11 U.S.C. § 362 when Anton filed his Chapter 11 petition.

A proof of claim for $6,000,000 was filed on February 16, 1992 by Schlam, Stone & Dolan, Esqs., on behalf of Richard W. Bliss, one of the Movants. The claim is based on fraud, tortious interference with contract, breach of fiduciary duty, conversion and racketeering.

On March 19, 1992 the Movants filed this motion for relief from the automatic stay, pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code. The Movants allege that a second trial in the Bankruptcy Court of their claim against the Debtor would be unfair, costly and a waste of judicial resources; that the actions of AQN, Quinn and Anton are inextricably intertwined making a second trial in the Bankruptcy Court duplicative; that judicial economy will be promoted and the expense of litigation minimized if discovery is conducted in one action.

Additionally, the Movants contend that the Debtor's bankruptcy filing is a "sham," that the Debtor made fraudulent transfers of his assets prior to filing, conveying a valuable interest in the Van Son Holland Ink Corporation to a trust for the benefit of his daughter, transferring his residence in Merrick, New York and other assets to his wife and other members of his family.

The Debtor opposes the relief requested. He contends that forcing him to defend Movants' claims in the District Court action would substantially increase his legal fees and diminish his estate, that if the stay is lifted, he will have to defend the civil litigation which will effect his reorganization efforts. He denies that the Movants have shown sufficient cause to lift the stay and claims that the balance of hardship weighs in his favor.

The Creditors Committee takes no position on this motion, neither opposing nor

supporting it. The United States Trustee made no appearance at the hearing and thus, likewise, takes no position. No plan of reorganization has as yet been filed. As a result of three extensions of time, the Debtor's exclusive period will not expire until July 1, 1992.

## DISCUSSION

11 U.S.C. § 362(d), reads in relevant part: (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

Although the term "cause" is not defined in the Bankruptcy Code, the authoritative Congressional Reports provide some guidance.

> The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. *A desire to permit an action to proceed to completion in another tribunal may provide another cause* ... The facts of each request will determine whether relief is appropriate under the circumstances. (Emphasis supplied)

H.R.Rep. No. 595, 95th Cong., 1st Sess. 343–44 (1977), *reprinted* in 1978, U.S.Cong. & Admin.News 5787, 6300; S.Rep. 95–989, 95th Cong.2d Sess., 52–3 (1978).

In the same connection, the Reports point out the reasons for letting a pending proceeding continue. The relevant part reads as follows:

> Nevertheless, it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

H.R.Rep., *supra* at 341; S.Rep., *supra* at 50, U.S.Code Cong. & Admin.News 1978, pp. 5836, 6297.

■ Except with respect to the Debtor's equity in specific property, the Debtor has the burden of proof in opposing motions for relief from the stay. 11 U.S.C. § 362(g). *In re Highcrest Management Co., Inc.,* 30 B.R. 776 (Bankr.S.D.N.Y. 1983). Although the creditor must make a *prima facie* case, the Debtor has the ultimate burden of persuasion. *In re Sonnax Industries, Inc.,* 99 B.R. 591 (D.Vt.1989), *aff'd,* 907 F.2d 1280 (2d Cir.1990) (hereinafter *"Sonnax"*). Since equity in property is not at issue in this motion, the Debtor has the burden of proof that cause does not exist to lift the stay.

■ In *Sonnax,* the Circuit Court of Appeals has recently listed several factors to be considered in determining whether to grant a motion for relief from the stay to allow litigation to proceed in another forum:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arose from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms. *In re Sonnax Industries, Inc.*, 907 F.2d at 1286 (quoting *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D.Utah 1984)). Not all twelve factors will necessarily be involved, nor must equal weight be assigned to each factor.

Another factor to which courts outside this Circuit have looked is whether the automatic stay is being used to shield misconduct. In *In re Unioil*, 54 B.R. 192 (Bankr.D.Colo.1985); *In re Highcrest Management Co., Inc.*, 30 B.R. at 778. Cause may include misconduct and bad faith:

> The class action in the District Court is predicated on alleged misconduct and bad faith on the part of the debtors. The automatic stay should not be used as a shield to protect conduct which can only be fully and finally adjudicated in a case pending in the District Court ... The debtors have had a breathing spell of five months since the Chapter 11 cases were filed. They must now face the reality of defending plaintiff's charges in the District Court where, if the debtors are successful, they will be in a better position to effect their desired reorganization in this court.

*In re Highcrest Management Co., Inc.*, 30 B.R. at 778.

█ The Bankruptcy Court has the wide discretion to grant the relief and lift the automatic stay. *In re Sonnax Industries, Inc.*, 907 F.2d at 1280. *See also, In re Laventhol & Horwath*, 139 B.R. 109 (Bankr.S.D.N.Y.1992); *Matter of Thomson Mckinnon, Inc.*, 130 B.R. 721 (Bankr. S.D.N.Y.1991); *In re Westwood Broadcasting, Inc.*, 35 B.R. 47 (Bankr.D.Haw.1983); *In re Hunter*, 32 B.R. 140 (Bankr.S.D.Fla. 1983); *Matter of McGraw*, 18 B.R. 140 (Bankr.W.D.Wis.1982).

█ Looking to the *Sonnax* factors, this Court is of the view that justice will be best served by lifting the stay and permitting the pending litigation to continue against Anton.

Anton is not a stranger to the pending litigation; he is one of the principals in AQN which has been a defendant in the pending action since it was first filed. As one of the principals he has no doubt been kept advised of the course of the litigation and of the discovery that has taken place. He himself has been deposed. Whether or not he is formally joined in that proceeding, his attention will be diverted to it because of his position as a major stockholder of AQN. Also due to that position, the expenses of litigation will not be solely his to bear.

If he is not made a party, this Court, in order to evaluate the claim of Bliss in this proceeding, will have to plow the same ground, lacking the advantages and head-start now enjoyed by the District Court in which the action against AQN has been pending since 1989 and in which discovery has been taken of most of the major parties and in which a complete resolution of the issues should shortly be forthcoming.

If the stay is not lifted, the Movants will have to try the same facts twice, once against the other defendants in the District Court and a second time against the Debtor in the Bankruptcy Court. Multiplicity of suits involving unnecessary time and expense on the part of Movants should be avoided. *In re Westwood Broadcasting, Inc.*, 35 B.R. at 49; *In re Hunter*, 32 B.R. at 142; *In re Humphreys Pest Control Co., Inc.*, 35 B.R. 712 (Bankr.E.D.Pa.1984).

Although Anton will clearly incur some expenses in defending himself in the District Court, it is not clear that such expense would be any greater than in litigating Bliss' claim in this Court or that it would necessarily be chargeable to the estate. The cost of defending litigation, by itself, has not been regarded as constituting "great prejudice," precluding relief from the automatic stay. *In re Unioil*, 54 B.R. at 195. *See also, Matter of McGraw*, 18 B.R. at 142.[1]

---

1. Not all legal expenses incurred by a debtor are chargeable to the estate. Among the legal expenses which the estate is not required to bear is that of defending suits challenging the dis- chargeability of specific debts or the discharge of the debtor. The Movants have not contested the dischargeability of Anton's debt to them, but the allegations in the complaint bring the al-

In any event the Creditors Committee would appear to be the party, not the Debtor, to raise the issue of the potential expense to the estate in lifting the stay and the Committee has, as noted earlier, taken a neutral position and does not oppose lifting the stay.

Finally, the timing strongly suggests that this Chapter 11 was filed for the shelter provided by the automatic stay against the pending litigation. Anton sought relief under Chapter 11 four months after Judge Amon was asked for permission to include him in the pending lawsuit.

The stay is being lifted only to permit an adjudication on the merits. There is to be no execution on any judgment in favor of the Movants until further order of this Court.

### CONCLUSIONS OF LAW

1. The Debtor has failed to carry his burden of showing that the automatic stay should continue to insulate him from being joined as a defendant in the Movants' pending lawsuit in the District Court.

2. Cause is present here to lift the automatic stay.

3. The Court is granting the relief requested by the Movants and is lifting the automatic stay, pursuant to 11 U.S.C. § 362(d)(1) to permit the District Court case to proceed against Anton up to, but not including, execution on any judgment against him.

Settle Order.

leged debt within the ambit of nondischargeable debts. It is an interesting question whether litigation involving a debt of the character that would make it nondischargeable is to be paid for by the estate.