**In re SANTA CLARA COUNTY FAIR ASSOCIATION, INC., Debtor.**

**SANTA CLARA COUNTY FAIR ASSOCIATION, INC., Appellant,**

**v.**

**Dierdre SANDERS, Appellee.**

**BAP No. NC–94–1815–VMeAs. Bankruptcy No. 94–50053–MM.**

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted Feb. 23, 1995.

Decided April 5, 1995.

---

Kenneth J. Campeau, San Jose, CA, for appellant.

Peter H. Kang, San Jose, CA, for appellee.

Before VOLINN, MEYERS and ASHLAND, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

### OVERVIEW

The debtor appeals an order of the bankruptcy court modifying the automatic stay to allow a claimant to pursue an employment discrimination action against the debtor in the district court. We AFFIRM.

### FACTS AND PROCEEDINGS BELOW

The Santa Clara Fair Association terminated Deirdre Sanders' employment as assistant bookkeeper in November 1991. On February 3, 1992, Sanders filed a complaint with the Federal Equal Employment Opportunity Commission alleging that she was terminated based on her race in violation of Title VII of the Civil Rights Act of 1964. The commission responded to Sanders on September 23, 1993, issuing to her a "right-to-sue" letter. On October 25, 1993, Sanders filed a *pro se* complaint against the Association in the district court for the Northern District of California.

The Association filed a chapter 11 petition on January 5, 1994, staying the district court action.[1]

Sanders filed the instant motion for relief from the stay on April 22, 1994. The motion sought modification of the stay for cause under 11 U.S.C. § 362(d) to allow Sanders to pursue to judgment her Title VII action. The bankruptcy court heard argument on the motion on May 11, 1994 and announced that for reasons of judicial economy it would modify the stay. Sanders lodged a proposed order and findings and conclusions which were signed by the court and entered on June 10, 1994. Having been granted an extension of time in which to file, the Association filed its notice of appeal on July 8, 1994.

### STANDARD OF REVIEW

Since the decision whether to lift the stay for cause is committed to the discretion of the bankruptcy court, its decision may be overturned only upon a showing of abuse of discretion. *In re MacDonald,* 755 F.2d 715,

---

1. Sanders apparently attempted to serve her complaint on the Association after imposition of and in violation of the stay. The issue is not relevant to this appeal.

716 (9th Cir.1985); *In re Holtkamp,* 669 F.2d 505, 507 (7th Cir.1982); *In re Can–Alta Properties,* 87 B.R. 89, 91 (9th Cir. BAP 1988); *In re America West Airlines,* 148 B.R. 920 (Bankr.D.Ariz.1993).

## ISSUE PRESENTED

Whether the bankruptcy court abused its discretion by modifying the automatic stay to allow prosecution of the district court action.

## DISCUSSION

■ Pursuant to § 362(d):

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) *for cause.* . . .

11 U.S.C. § 362(d) (emphasis supplied).

Although "cause" is not defined by the Code, in circumstances where a claimant against the debtor estate has sought relief from the stay to pursue a cause of action in a non-bankruptcy forum, Congress has stated:

[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S.Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

■ The automatic stay of § 362 serves two goals. It prevents the diminution or dissipation of the bankruptcy estate and enables the debtor to avoid the multiplicity of claims arising against the estate in different forums. *In re Towner Petroleum Co.,* 48 B.R. 182, 185 (Bankr.W.D.Okl.1985). Only the first goal is relevant here; the Association contends that defending Sanders' district court action will dissipate its resources because it will need to hire special counsel and has no insurance to indemnify this expense.

■ Ordinarily, litigation costs to a bankruptcy estate do not compel a court to deny stay relief. *See, In re Todd Shipyards*

*Corp.,* 92 B.R. 600, 603 (Bankr.D.N.J.1988); *In re Unioil,* 54 B.R. 192, 195 (Bankr.D.Colo. 1985); *In re UNR Industries, Inc.,* 54 B.R. 266, 269 (Bankr.N.D.Ill.1985); *In re Rabin,* 53 B.R. 529, 532 (Bankr.D.N.J.1985); *In re Bock Laundry Mach. Co.,* 37 B.R. 564, 567 (Bankr.N.D.Ohio 1984).

Sanders had raised several arguments in support of her motion: 1) Sanders argued that her action would be subject to *de novo* review by the district court pursuant to 28 U.S.C. § 157(c)(1); 2) Sanders argued that the bankruptcy court did not have jurisdiction over the claim pursuant to 28 U.S.C. § 157(b)(5); 3) Sanders argued that her Title VII claim involved nonbankruptcy issues of law requiring withdrawal of the reference under 28 U.S.C. § 157(d); and, 4) Sanders argued that she was entitled to a jury trial.

The bankruptcy court reasoned that under the circumstances, judicial economy and economy for the parties would be better served by allowing the action to proceed in district court. Although the bankruptcy court did not expressly resolve any of Sanders' contentions, it reasoned that there existed considerable risk that after resolution of the claim by the bankruptcy court, these issues would be revisited by the losing party in the district court. It therefore made sense to allow the district court to resolve the claim in the first instance, thereby mooting the jurisdictional contentions in the process.

■ A motion for stay relief is a summary proceeding. *In re Computer Communications, Inc.,* 824 F.2d 725, 729 (9th Cir. 1987). In a summary proceeding, the court's discretion is broad. Courts may consider the factor of judicial economy when deciding lift stay issues. *In re Kemble,* 776 F.2d 802, 807 (9th Cir.1985).

Additionally, the court reasoned that Sanders could be prejudiced by delay in the manner that all plaintiffs are prejudiced by failing memories and the like, and that the Association would not be greatly prejudiced by granting Sanders relief since it would have to defend itself in either forum. Finally, the court reasoned that public policy favored the resolution of civil rights actions

and outweighed any competing policy served by the automatic stay under the circumstances.

To demonstrate that the court abused its discretion by allowing relief, the Association addresses nine factors listed in *America West,* 148 B.R. at 923, which a court may weigh to determine the relative equities between the parties in a stay relief action. The Association's arguments are far from compelling. Beyond asserting that defense of the action will result in "great prejudice" to the debtor, the debtor's basis for the contention is simply that it is insolvent. Appellant points to no facts that would distinguish its circumstances from those of any other debtor.

On appeal, the Association does not address the court's judicial economy analysis, but instead argues the merits of Sanders' contentions. Since the bankruptcy court would not be able to finally resolve the jurisdictional issues in a summary proceeding, appellant's present line of argument simply reinforces that the bankruptcy court's decision to forego resolving them was provident.

The Association does not argue that resolution of Sanders' claim in the bankruptcy court would be less taxing on the estate than defense in the district court forum, but rather that it will be costly to the estate in either forum. On this basis, the Association's argument amounts to a request for delay, which may have some merit, but falls far short of balancing the considerations used by the court in properly exercising its discretion.

## CONCLUSION

The bankruptcy court has cognizance of the entire bankruptcy case and its progress, and determines stay relief issues from this perspective. The panel was informed at oral argument that the Association has yet to propose a plan. Since Sanders' claim can be estimated for plan purposes, the district court litigation posed no impediment to moving this case along. Congress' above-quoted language does not imply that the debtor can use the bankruptcy forum to defer or deflect resolution of claims against it by another forum with proper jurisdiction.

AFFIRMED.