Kenneth BROADHURST, et al.,

v.

STEAMTRONICS CORPORATION.

Civ. No. B–85–51.

United States District Court,
D. Connecticut.

March 26, 1985.

802

Carl Pantaleo, New Haven, Conn., for plaintiffs.

Ira B. Charmoy, Bridgeport, Conn., for defendant.

### RULING ON APPEAL OF RELIEF FROM AUTOMATIC STAY

ELLEN B. BURNS, District Judge.

The plaintiffs/appellees (hereafter the "plaintiffs") filed an action in Connecticut Superior Court against the defendant/appellant, (hereafter the "debtor"), alleging violations of the Connecticut Franchise Act, Conn.Gen.Stat. § 42–133e *et seq.*, the Connecticut Business Opportunity Investment Act, Conn.Gen.Stat. § 36–503, the Connecticut Anti-trust Act, Conn.Gen.Stat. § 35–24, and the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. § 42–110a, *et seq.* The state court complaint also asserted several counts of fraud. The debtor filed a petition in bankruptcy, staying the state court proceeding automatically pursuant to 11 U.S.C. § 362. The plaintiffs filed a proof of claim in the bankruptcy proceeding. The debtor objected to plaintiffs' proof of claim and filed counterclaims. Plaintiffs filed a reply to the debtor's objection and counterclaims, and in their reply requested

1. There was a significant delay in transmitting the record to this court because of the parties' attempts to settle their dispute. *See* transcript, Hearing on Motion for Stay of Proceedings,

a trial by jury. On May 1, 1984, the plaintiffs moved for relief from automatic stay so that they could proceed with the state court action. On May 30, 1984, the bankruptcy court granted plaintiffs' motion, noting that plaintiffs will have to return to the bankruptcy court to enforce any judgment they obtain. The debtor has filed this timely appeal of the bankruptcy court's ruling granting relief from automatic stay.[1] The debtor claims that the bankruptcy court abused its discretion in granting the relief from stay and erroneously determined that plaintiffs had made a timely demand for a jury trial on their proof of claim. For the reasons stated below the bankruptcy court's ruling is affirmed and relief from the automatic stay is granted pursuant to 11 U.S.C. § 362(d).

*Requirement of "Cause"*

Section 362(d) permits the bankruptcy court to lift the automatic stay "for cause, including lack of adequate protection of an interest in property...." Because the decision to lift the automatic stay is vested in the bankruptcy court, that decision may be overturned only upon a showing of abuse of discretion. *Matter of Holtkamp*, 669 F.2d 505, 507 (7th Cir.1982); *Rich v. Maryland National Bank*, 42 B.R. 350, 354 (D.Md.1984).

A review of the transcript of the May 30, 1984, hearing reveals that the bankruptcy court considered a number of factors in its decision to lift the automatic stay. First, the parties represented to the court that a related proceeding involving similar issues was already pending in state court. This proceeding involved a suit against principals of the debtor corporation. The bankruptcy court had earlier granted the principals' motion for relief from automatic stay so that the debtor could be brought into the state action to indemnify the principals. Second, the plaintiffs' claims sought relief solely based upon state law and did not involve any questions directed to the expertise of the

June 29, 1984. When the attempts to resolve the dispute failed, the record was transmitted to this court for a determination of the appeal.

bankruptcy court. Finally, the state court action was nearly trial-ready and was entitled to privileged status under the Connecticut Franchise Act, Conn.Gen.Stat. § 42–133g.[2]

The factors considered by the bankruptcy court were sufficient to support its decision that cause had been shown for the lifting of the automatic stay. Although lack of protection of an interest in property is specifically mentioned by § 362(d), this is not the exclusive basis for a finding of cause. *Matter of Holtkamp, supra* at 508. *See e.g.,* S.Rep. No. 95–989, 95th Cong.2d Sess. 50, *reprinted in* 1978 U.S.Code Cong. & Ad.News, 5787, 5836 ("it will often be more appropriate to permit proceedings to continue in their place of origin ... in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."); House Rep. No. 95–595, 95th Cong.2d Sess. 343, *reprinted in* 1978 U.S. Code Cong. & Ad.News, 5787, 6300 ("a desire to permit an action to proceed to completion in another tribunal may provide another cause.")

The bankruptcy court recognized that the matter before it involved only state law issues, was similar to another state action already pending, and would receive prompt resolution in state court. Furthermore, the estate was properly protected by the requirement that plaintiffs seek enforcement of any judgment through the bankruptcy court. The debtor has made no showing of any prejudice to the estate that would result from the lifting of the automatic stay. Under these circumstances it was not an abuse of the bankruptcy court's discretion to grant plaintiffs' motion for relief from stay.

The debtor's reliance on cases requiring the federal courts to retain jurisdiction when such jurisdiction is properly invoked is misplaced. In *Colorado River Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976) and its progeny, the district courts abstained from hearing cases despite their proper jurisdiction and lack of any statutory authority to refuse to exercise that jurisdiction. In the instant case, there is no independent federal jurisdiction over the state law claims, other than the jurisdiction granted by the Bankruptcy Code. The Bankruptcy Code has specific statutory provisions allowing the bankruptcy court to refrain from exercising jurisdiction. 11 U.S.C. §§ 304, 305, 362(d). The instant case is therefore clearly distinguishable from *Colorado River.*

*Jury Claim*

The debtor has argued that the bankruptcy court erred in considering the fact that plaintiffs had claimed a jury in the adversary proceeding because plaintiffs' jury claim was untimely. As discussed above, this court finds that it was the debtor which first raised the jury issue and that this issue was not dispositive in the bankruptcy court's determination. *See* note 2, *supra.* However, because the court believes that plaintiffs' jury claim was timely filed, it will address the debtor's contention.

Bankruptcy Rule 9015 parallels Rule 38 by requiring that a jury demand be filed within ten days of the last pleading directed to the issue for which the jury is demanded. The debtor argues that the last such pleading was its objection to proof of claim and counterclaims filed on March 7, 1984. Plaintiffs responded to the debtor's objection and counterclaim on April 11, 1984, and in that pleading made their jury demand.

---

**2.** The debtor appears to argue that the bankruptcy court also relied on the fact that the plaintiffs had claimed a jury in the matter before the bankruptcy court. A review of the May 30th transcript indicates that the bankruptcy court had determined to lift the stay without consideration of the jury claim. It was the debtor who raised the jury issue. The debtor had believed that the bankruptcy matter had not been claimed for a jury and argued that the estate would encounter greater expenses in defending a state court jury trial than it would in a bench trial before the bankruptcy court. It was only after the debtor had raised the jury question that the bankruptcy court noted that it lacked authority to conduct a jury trial under the Emergency Resolution in any event.

Although the debtor's contention that its objection would have been the last pleading may have had merit if it had not filed counterclaims, the filing of counterclaims permitted the plaintiffs to file additional pleadings. Bankruptcy Rule 7007, Rule 7(a), Federal Rules of Civil Procedure ("F.R.C.P."). When, as here, the counterclaims arise out of the same transaction as the complaint, and are therefore compulsory, Rule 13(a), F.R.C.P., the court may properly exercise its discretion and try all issues to the jury when a jury is demanded on the counterclaims. *Garman v. Metropolitan Life Ins.*, 7 F.R.D. 473, 476–77 (D.N.J.1947); *Consolidated Fisheries Co. v. Fairbanks Morse & Co.*, 9 F.R.D. 539 (E.D.Pa.1949). *See also* 5 Moore's Fed. Practice, ¶ 38.32[2]. Therefore, plaintiffs' response to the debtor's objection and counterclaim was the last pleading directed to the issues for which the jury demand was made, and the demand contained in that pleading was timely made.

CONCLUSION

The bankruptcy court's ruling granting plaintiffs' motion for relief from stay is hereby affirmed.

SO ORDERED.