### In re NEWPORT OFFSHORE, LTD., Debtor.

### Bankruptcy No. 8500723.

United States Bankruptcy Court, D. Rhode Island.

May 8, 1986.

R. Daniel Prentiss, Decof & Grimm, Providence, R.I., for James R. Mattingly.

Charles J. McGovern, Coffey, McGovern, Noel, & Neal, Ltd., Providence, R.I., for debtor.

Allan M. Shine, Winograd, Shine & Zacks, P.C., Providence, R.I., for Creditors' Committee.

## ORDER DENYING DEBTOR'S MOTION TO RECONSIDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the debtor's motion to reconsider a Decision and Order Modifying the Automatic Stay, dated April 9, 1986, 59 B.R. 283, wherein we granted Mattingly leave to proceed with his pending state court action against the debtor (for willful and malicious breach of an employment contract), conditional upon an early trial date.

In support of the motion to reconsider, the debtor argues that "Mattingly cannot and does not have a debt which can be non-dischargeable under any circumstances." Mattingly agrees that his claim against the debtor *is* dischargeable,[1] (he withdrew his recently-filed complaint to determine dischargeability—AP No. 860016), but objects to the instant motion to reconsider, and presses his right to proceed in state court on the issues of liability and damages for the debtor's breach of an alleged employment contract.

We agree with and adopt Mattingly's position that "if dischargeability is no longer an issue in this case, that fact should have no effect on the Court's conclusion that the automatic stay should be modified...." Memorandum in Opposition to Motion to Reconsider. The question of dischargeability is completely unrelated to the issues raised in the state court action. If Mattingly is unsuccessful on the merits in his action against the debtor, that ends things in the state court, and also would terminate his participation and/or interest in these bankruptcy proceedings. If Mattingly is successful and obtains a judgment in state court, then he will receive, on a par with other general creditors, whatever the terms of the confirmed Chapter 11 plan of reorganization provide.

The debtor's other arguments in support of the motion to reconsider, which were previously considered and rejected, are still without merit. Accordingly, the debtor's motion is denied, and Mattingly may pursue his state court action, under the terms of our Decision and Order Modifying the Automatic Stay, dated April 9, 1986.

---

1. 11 U.S.C. § 1141(d)(2) provides that: "The confirmation of a plan does not discharge an *individual* debtor from any debt excepted from discharge under section 523...." (Emphasis added.) Because this section does not, by its terms, apply to *corporate* debtors, Mattingly concedes that any claim he may have against the debtor is dischargeable.