**In re Don Edward McGUIRT a/k/a Don McGuirt, Trustee, Debtor.**

**Charles B. COVERT, Movant,**

**v.**

**Don Edward McGUIRT a/k/a Don McGuirt, Trustee, Respondent.**

**Bankruptcy No. 86–03084–H3–7.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

June 20, 1986.

David S. Elder, Robert Scott, Sewell & Riggs, Houston, Tex., for Charles B. Covert, Movant.

O. Otis Bakke, Houston, Tex., for Don Edward McGuirt, trustee/respondent.

## MEMORANDUM OPINION
## AND ORDER

EDWARD J. RYAN, Bankruptcy Judge.

By application dated the 8th day of May, 1986, Charles B. Covert ("Covert"), one of the unsecured creditors of Don E. McGuirt, debtor, seeks relief from the stay which automatically springs into effect on the filing of a petition under Bankruptcy Code 11 U.S.C. § 362. Cf. *Fidelity Mortgage Investors v. Camelia Builders, Inc., et al*, 550 F.2d 47 (2d Cir.1976).

In substance Covert's application states:

"1. Covert is a plaintiff and counter-defendant in a state court lawsuit involving the debtor, Cause No. 83–55900, pending in the 127th District Court of Harris County, Texas. This lawsuit involves numerous allegations of fraud and misrepresentation on the part of the debtor with respect to the mismanagement of a partnership involving Covert and the debtor. The lawsuit has been on file for nearly three (3) years, extensive discovery has been completed, and the case has been certified by that court as ready for trial for many months.

2. Covert respectfully requests that the automatic stay be modified to permit the trial of this lawsuit. Each of the disputed issues in this lawsuit are based on state law or federal securities law; if this case were tried in the bankruptcy court, serious jurisdictional questions would be raised. In addition, the lawsuit can be tried more quickly in the state court, since discovery has been completed and the case is certified for trial. All findings of fact in the state court lawsuit, including damages, would be binding upon Covert and the debtor. Any amounts awarded to Covert in this lawsuit would be payable as pro rata distributions from the Chapter 7 liquidation.

3. Covert would further show that this lawsuit could not be maintained in bankruptcy court, on account of the man-

datory abstention provisions of 28 U.S.C. § 1334(c)(2)."

In opposition the debtor urges:

## "I.

Respondent admits that Cause No. 83–55900 is pending in the 127th District Court of Harris County, Texas, and that Charles B. Covert is a party and that debtor is a party. Debtor would show unto the court that the pleadings in the suit institute the only true evidence as to the allegations in this matter. Defendant admits that the case has been set for trial on more than one occasion but, otherwise denies the allegations of paragraph one of the allegations of paragraph one of the motion.

## II.

Debtor prays that the automatic stay provided by 362 remain in effect, and denies the allegations of paragraph two of the motion.

## III.

Debtor denies the allegations of paragraph three of the motion."

At the hearing held on June 10, 1986, it was disclosed that in the state court litigation there has been asserted by the debtor a counterclaim against the movant. The counterclaim arises out of the same action which is involved in the state court action. The state court litigation was commenced several years prior to the filing of the debtor proceeding.

The parties agree that any recovery under the counterclaim is part of the estate, 11 U.S.C. § 541. Cf. *Cumberland Oil Corporation and Sugargrove, Ltd. v. James Thropp, Gregory Thropp, Arrowhead Gas Producers, Inc., and Southern Tier, Ltd.,* 791 F.2d 1037, 1042 (2d Cir.1986).

The matter was adjourned to the 12th day of June, 1986, to afford the trustee an opportunity to express his views on the value, if any, of the counterclaim to the estate and to state his intentions to exploit such value.

At the June 12 hearing, it was suggested that the counterclaim be severed with the agreement that the decision on the direct claim not "bind" the trustee by way of res judicata, law of the case or otherwise.

The inefficiency of this is so obvious as to require no comment.

The court suggested that the trustee consider retaining the debtor-defendant's attorney as his special counsel to prosecute the cause of action. At that hearing it appeared that this is essentially a "no asset" estate unless recovery can be had on the counterclaim.

The trustee agrees to pursue this course of action if the motion for abstention is granted.

In support of the motion it is submitted that the standard to be applied here is either one of discretion or one of mandate.

█ This is a matter of mandatory abstention. The motion is timely. This is a noncore proceeding based on a cause of action created by state law, and the action was commenced and can be timely adjudicated in a state forum of appropriate jurisdiction. 28 U.S.C. § 1334(c)(2).

█ If it be a matter of discretion, considering all of the relevant factors, giving special emphasis to the fact that the state court litigation is actually on the verge of trial and can be reached shortly, discretion does dictate that the interests of justice require abstention. Section 1334(c)(1). *See* Friendly, Indiscretion About Discretion, 31 Emory L.J. 747, 763 (1982); *see also* Rosenberg, Judicial Discretion of the Trial Court, Viewed from Above, 22 Syracuse L.Rev. 635, 639 (1971).

The motion is granted.

It is so ordered.