**In re James C. SAUNDERS and Patricia A. Saunders, Debtors.**

**Bankruptcy No. 89–04090–B.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Aug. 17, 1989.

Michael E. Demont, W. Scott Cole, Jacksonville, Fla., for movant.

John E. Venn, Jr., Gulf Breeze, Fla., for debtor.

M. Alan Rhodey, Ft. Walton Beach, Fla., Trustee.

## ORDER GRANTING MOTION FOR RELIEF FROM STAY

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

Mastellar Group of Florida, Inc. and the Mastellar Group, Inc. (collectively, Mastellar), creditors in this bankruptcy case, have moved the Court for an order granting relief from the automatic stay. Mastellar wishes to proceed with litigation pending in a Florida court against Debtor James Saunders, in order to establish liability and the amount of its claim. The Debtors oppose the motion. The Court conducted a hearing on June 19, 1989. The parties have submitted post-hearing memoranda. For the reasons stated below, Mastellar's motion is granted.

Mastellar filed suit in the Circuit Court of St. Johns County against James Saunders and two other defendants on February 17, 1987. On February 7, 1989, almost two years later, the Debtors filed this Chapter 7 petition, listing Mastellar as having a contingent, unliquidated claim. The state court suit alleges causes of action for breach of contract, breach of fiduciary duty, common law fraud, and intentional interference with business and contractual relationships. Judgment has not been entered. Mastellar has filed a parallel adversary complaint in this case with similar allegations, objecting to the dischargeability of their debt. The Debtors argue it is improper to allow a state court to determine facts which the Bankruptcy Court may rely upon in determining dischargeability. This argument is without serious merit.

The Bankruptcy Court has exclusive jurisdiction to determine the dischargeability of a debt under Section 523. It is proper for the Bankruptcy Court to determine dischargeability, in a proper case, on the basis of a state court record. "Upon a judgment on the claim in the state court, the bankruptcy court can review the record, hear additional evidence if offered or desired, and then make a determination on the crucial issue of dischargeability." *In re Mountjoy*, 368 F.Supp. 1087, 1096 (W.D.Mo.1973). Even where a dischargeability issue is squarely apparent, it is within the discretion of the Bankruptcy Court to permit a closely related claim to be reduced to judgment in a state or other court of competent jurisdiction. *In re Sears*, 68 B.R. 34, 36 (Bkrtcy.W.D.Mo.1986). If a judgment is obtained, the bankruptcy court may then make the determination of its dischargeability on the basis of the state court record, if sufficient, or such additional evidence as the Court may appropriately allow. *In re Sears, supra*, at 36.

Judicial economy may dictate the Court's exercise of discretion, especially in a case such as this, where the issues appear inextricably intertwined with pending state court litigation. The parties have spent two years litigating in state court before this action was filed. The Court can perceive no rationale for curtailing these efforts, only to allow this Court to retrace the same path.

Accordingly, Mastellar's motion for relief from the automatic stay is granted.

ORDERED.