## In re MARVIN JOHNSON'S AUTO SERVICE, INC., Debtor.

**Bankruptcy No. 95–03168–BGC–11.**

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

Jan. 22, 1996.

James R. Kramer, Alabaster, Alabama, for Debtor.

Rodger Bass, Pelham, Alabama, for Movant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY PAUL FRANKS

BENJAMIN COHEN, Bankruptcy Judge.

Mr. Paul Franks, an unsecured creditor of the debtor in possession, is the plaintiff in the pending fraud action of *Franks v. Marvin Johnson's Auto Service, Inc., et al.,* Case No. CV–94–0065, filed in the Circuit Court of Shelby County, Alabama on January 31, 1994. The debtor in possession and Mr. Marvin Johnson, the debtor's president and sole stockholder, are co-defendants in that state court lawsuit. The matter before this Court is a *Complaint for Relief from the Automatic Stay* filed by Mr. Franks, where Mr. Franks seeks relief from the automatic stay to proceed with the state court lawsuit.[1]

Mr. James R. Kramer represents the debtor corporation in both the bankruptcy court and the state court actions.[2] Mr. Kramer also represents Mr. Johnson, the individual defendant, in the state court action. Mr. Rodger D. Bass represents Mr. Franks in both courts. A hearing was held on October 17, 1995 on Mr. Franks' motion for relief. Mr. Kramer appeared for the debtor and Mr. Bass appeared for Mr. Franks. No testimony was offered, although counsel stipulated

---

1. Of course, Mr. Franks does not need relief from the stay to proceed against Mr. Johnson individually and may proceed against Mr. Johnson regardless of whether the stay is lifted as to the debtor corporation.

2. While the Court has approved Mr. Kramer's employment as general counsel to represent and

assist the debtor in this bankruptcy case, the Court has not approved or authorized Mr. Kramer's employment as special counsel to defend the debtor in the pending state court proceeding. Indeed, no application has been made by the debtor to employ Mr. Kramer as special counsel.

to certain facts and made various representations. From those stipulations and representations, the Court finds that the material facts necessary to decide this matter are not in dispute and for the reasons stated below, the Court finds that the automatic stay should be lifted and that Mr. Franks should be allowed to proceed in state court.

## I. FACTS

On January 31, 1994, Mr. Franks filed a lawsuit against the debtor and Mr. Johnson in the Circuit Court of Shelby County, Alabama. The lawsuit alleges fraud in the repair of an automobile. A jury trial was demanded.

Both defendants answered the state court complaint on March 21, 1994. That same date, Mr. Franks filed a request for admissions. Neither defendant has responded to that request. On May 4, 1994, Mr. Franks filed a notice to take Mr. Johnson's deposition, but, after deciding that the deposition was unnecessary, did not proceed. No further discovery requests have been filed in the state court by either party. On August 8, 1994, Mr. Franks filed a scheduling order questionnaire with the state court. In that document Mr. Franks indicated that he would be ready to try the lawsuit on December 1, 1994. The case has been set for trial in the state court on at least two prior occasions.[3]

Mr. Franks' attorney, Mr. Bass, describes the case as a very simple "four witness case." His primary witnesses will be Mr. Franks and an expert witness. He states that he needs no further discovery and that the case is ready for trial. In Mr. Bass's opinion, all that remains is for an official exchange of witness lists. He opines that the case will be tried in the state court within 75 days once the bankruptcy stay is lifted and the witness lists are exchanged.

The debtor's attorney, Mr. Kramer, disagrees. In his opinion the case is not ready to try in the state court because there has been no real discovery. Mr. Kramer argued that he would need to take the depositions of Mr. Franks and Mr. Franks' expert witness before any trial could begin. In Mr. Kramer's opinion, the state court case would be tried within six months following a lifting of the stay.

The debtor filed a plan of reorganization on October 17, 1995, and a disclosure statement on November 27, 1995. Mr. Kramer contends that the stay should not be lifted because: (1) litigation of Mr. Franks' claim in the state court will delay approval and implementation of the debtor's plan of reorganization; and, (2) the costs of defending the state court action must be paid from assets that would be used to fund the plan which will substantially detract from the debtor's ability to consummate the plan. In short, Mr. Kramer believes that Mr. Franks' claim can be liquidated more expeditiously and less expensively in the bankruptcy court than it can in the state court.

## II. ISSUE

On June 2, 1995, almost a year and a half after Mr. Franks filed his lawsuit in state court, the debtor filed a petition under Chapter 11 of the Bankruptcy Code. That bankruptcy filing caused a stay of the continued prosecution of the lawsuit. Section 362(d) of the Bankruptcy Code provides that the bankruptcy court may grant relief from the automatic stay for "cause." 11 U.S.C. § 362(d). "Cause" for granting relief from the stay may exist if the equities in a particular case dictate that a lawsuit, or some other similar pending action, should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim on which the lawsuit is premised.[4] The only issue in

---

3. These settings appear to be for scheduling purposes rather than trial.

4. *In re Wood,* 548 F.2d 216 (8th Cir.1977); *In re Unanue–Casal,* 159 B.R. 90 (D.P.R.1993); *In re Universal Life Church, Inc.,* 127 B.R. 453 (E.D.Cal.1991), *aff'd,* 965 F.2d 777 (9th Cir. 1992); *Broadhurst v. Steamtronics Corp.,* 48 B.R. 801 (D.Conn.1985); *In re Harris,* 7 B.R. 284 (S.D.Fla.1980); *In re Revco D.S., Inc.,* 99 B.R. 768 (N.D.Ohio 1989); *In re America West Airlines,* 148 B.R. 920 (Bankr.D.Ariz.1993); *In re Anton,* 145 B.R. 767 (Bankr.E.D.N.Y.1992); *In re Murray Indus., Inc.,* 121 B.R. 635 (Bankr. M.D.Fla.1990); *In re Saunders,* 103 B.R. 298 (Bankr.N.D.Fla.1989); *In re Parkinson,* 102 B.R. 141 (Bankr.C.D.Ill.1988); *In re Todd Shipyards Corp.,* 92 B.R. 600 (Bankr.D.N.J.1988); *In re*

this case then is whether "cause" exists under Section 362(d).

## III. BALANCING THE EQUITIES

### A. Factors

The practical question before this Court is whether the state court lawsuit should continue in the forum in which it originated or whether Mr. Franks must proceed solely by proof of claim in the bankruptcy court. To answer this question, this Court must balance the hardship to Mr. Franks, if he is not allowed to continue the lawsuit, against the potential prejudice to the debtor, the bankruptcy estate, and to other creditors.[5] To aid in balancing these equities, the Court should consider certain factors. These are: (1) trial readiness; (2) judicial economy; (3) the resolution of preliminary bankruptcy issues; (4) costs of defense or other potential burden to the estate; (5) the creditor's chances of success on the merits; (6) specialized expertise of the non-bankruptcy forum; (7) whether the damages or claim that may result from the nonbankruptcy proceeding may be subject to equitable subordination under Section 510(c); (8) the extent to which trial of the case in the non-bankruptcy forum will interfere with the progress of the bankruptcy case; (9) the anticipated impact on the movant, or other nondebtors, if the stay is lifted; and, (10) the presence of third parties over which the bankruptcy court lacks jurisdiction.[6]

*McGuirt*, 61 B.R. 974 (Bankr.S.D.Tex.1986); *In re Newport Offshore, Ltd.*, 60 B.R. 348 (Bankr. D.R.I.1986); *In re Yaffe*, 58 B.R. 26 (Bankr.D.C. 1986); *In re Unioil*, 54 B.R. 192 (Bankr.D.Col. 1985); *In re Westwood Broadcasting, Inc.*, 35 B.R. 47 (Bankr.D.Haw.1983); *In re Fiedler*, 34 B.R. 602 (Bankr.D.Col.1983); *In re Hoffman*, 33 B.R. 937 (Bankr.W.D.Okl.1983). Congress intended that the stay be lifted to allow proceedings to continue in forums other than the bankruptcy court under appropriate circumstances. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R.Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836, 6297. Congress's concept of "cause" is further explained as follows:

A desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. For example, a divorce or child custody proceeding involving the debtor may bear no relation to the bankruptcy case. In that case, it should not be stayed. A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and should not be stayed. Generally proceedings in which the debtor is a fiduciary, or involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors. The facts of each request will determine whether relief is appropriate under the circumstances.

H.R.Rep. No. 595, at 340–344.

**5.** Mr. Franks was not listed by the debtor as a creditor in the bankruptcy petition or on the mailing matrix filed with the petition. He has not filed a "formal" proof of claim in the bankruptcy case. However, both the debtor and Mr. Kramer, who has represented the debtor in the state court action from its inception, are very familiar with Mr. Franks' claim. Indeed, the lawsuit is described by the debtor in paragraph 4 of the statement of affairs appended to the bankruptcy petition. Also, Mr. Franks' motion for relief from stay was filed on July 19, 1995, well before the October 10, 1995 deadline set by the Court for filing contingent and unliquidated claims. Since both the debtor and its attorney were well aware of the nature and basis of Mr. Franks' claim and his intention to hold the debtor liable for the claim, from the state court lawsuit as well as the motion filed in the bankruptcy court before the claims bar date, Mr. Franks can be said to have filed a timely informal proof of claim, as against any contention that an assertion by him of a claim in this case is untimely and therefore improper. *In re Charter Co.*, 876 F.2d 861, 863 (11th Cir.1989).

**6.** *In re Tricare Rehabilitation Sys., Inc.*, 181 B.R. 569, 575 (Bankr.N.D.Ala.1994); *In re Unanue-Casal*, 159 B.R. at 100; *In re America West Airlines*, 148 B.R. at 923; *In re Anton*, 145 B.R. at 770; *In re Murray Indus., Inc.*, 121 B.R. at 637; *In re Parkinson*, 102 B.R. at 142; *In re Todd Shipyards Corp.*, 92 B.R. at 602; *In re Unioil*, 54 B.R. at 195; *In re Westwood Broadcasting, Inc.*, 35 B.R. at 48; *In re Hoffman*, 33 B.R. at 941.

Numerous considerations have influenced the balancing operation described in the many published bankruptcy opinions on this subject. Those considerations have been stated and restated in many forms and fashions, but are readily listed, and consistently and routinely followed. This Court previously attempted to catalogue and discuss those considerations in *In re Tricare Re-*

## B. Consideration of Factors

### 1. Trial Readiness

 The party requesting relief from the automatic stay must first, of course, present at least a prima facie showing of "cause."[7] This, Mr. Franks has done. Both parties agree that if the stay is lifted the case will be tried in state court within the next six months.[8] Mr. Franks has completed his discovery and is ready for trial. Mr. Kramer indicated that the debtor will at most take only two depositions, after which he too will be ready.[9] The case is not complex. The trial should be relatively simple and should involve only a few witnesses. Considerable preparation time is not required.

### 2. Judicial Economy

 Principles of judicial economy require that, without good reason, judicial resources should not be spent by duplicitous litigation, and that a lawsuit should only be tried once, that is if one forum with jurisdiction over all parties is available to dispose of all issues relating to the lawsuit.[10] The state court is in the best posture to provide a relatively quick and complete consideration of all the issues, among all the parties, and to do so while guaranteeing to each, the constitutional rights of due process and a trial by jury.

 The debtor's liability on the fraud action, if any, would be vicarious, based on the activities of Mr. Johnson.[11] There is, therefore, a complete identity of issues between the defense of the debtor and the defense of Mr. Johnson. If this Court lifts the stay and allows Mr. Franks to proceed, because the state court has jurisdiction over Mr. Johnson and the debtor, only one trial in the state court would be required to resolve Mr. Franks' causes of action against both defendants. Because this Court does not have jurisdiction over Mr. Johnson, two tri-

---

habilitation Sys., Inc., 181 B.R. 569, 573–574 (Bankr.N.D.Ala.1994). The factors listed have been gleaned from the often cited cases of *In re Johnson*, 115 B.R. 634, 636 (Bankr.D.Minn. 1989), and *In re Curtis*, 40 B.R. 795 (Bankr. D.Utah 1984). In Tricare, the Court combined and reconciled the list of factors contained in Johnson with the factors listed in Curtis, and discussed those factors within the context of the facts presented in that particular case. To that discussion, the Court would make an addition, applicable to the facts presented herein. The factor listed in Curtis as number 8 relating to whether or not the damages or claim that may result from the nonbankruptcy proceeding may be subject to equitable subordination under Section 510(c) is relevant to the facts of this case but has no corresponding Johnson factor. Also, the factor listed in Curtis as number 12 relating to the anticipated impact on the movant, or other nondebtors, of the bankruptcy court's decision to lift the stay, or not, although it has no corresponding Johnson factor per se, is implicit in any "weighing of the equities" exercise and therefore an important consideration in every case. *In re Curtis*, 40 B.R. at 799–800.

7. *In re Tricare Rehabilitation Sys., Inc.*, 181 B.R. at 575. *See also In re Unanue–Casal*, 159 B.R. at 94; *In re Anton*, 145 B.R. at 769; *In re Todd Shipyards Corp.*, 92 B.R. at 602 n. 2; *In re Unioil*, 54 B.R. at 193.

8. Since both parties to the litigation benefit if the case can be tried expeditiously, the bankruptcy court should take into consideration which of the competing courts is presently closer to being in a posture to try the case. *In re Tricare Rehabilita-*

tion Sys., Inc., 181 B.R. at 575. *See also In re Unanue–Casal*, 159 B.R. at 98; *In re Universal Life Church, Inc.*, 127 B.R. at 455; *In re Revco D.S., Inc.*, 99 B.R. at 775; *Broadhurst v. Steamtronics Corp.*, 48 B.R. at 801; *In re Anton*, 145 B.R. at 770; *In re Murray Indus., Inc.*, 121 B.R. at 637; *In re Saunders*, 103 B.R. at 299; *In re Parkinson*, 102 B.R. at 142; *In re McGuirt*, 61 B.R. at 976; *In re Newport Offshore, Ltd.*, 59 B.R. at 286; *In re Yaffe*, 58 B.R. at 26; *In re Westwood Broadcasting, Inc.*, 35 B.R. at 49; *In re Fielder*, 34 B.R. at 604.

9. No explanation was offered as to why the two depositions were not taken or could not have been taken during the almost year and a half period which passed between the filing of the state court lawsuit and the date the bankruptcy petition in this case was filed.

10. *In re Tricare Rehabilitation Sys., Inc.*, 181 B.R. at 575. *See also In re Unanue–Casal*, 159 B.R. at 97–98; *In re Universal Life Church, Inc.*, 127 B.R. at 455; *In re Harris*, 7 B.R. at 286; *In re Anton*, 145 B.R. at 770; *In re Murray Indus., Inc.*, 121 B.R. at 637; *In re America West Airlines*, 148 B.R. at 925; *In re Saunders*, 103 B.R. at 299; *In re Newport Offshore, Ltd.*, 59 B.R. at 285; *In re Yaffe*, 58 B.R. at 28; *In re Unioil*, 54 B.R. at 195; *In re Westwood Broadcasting, Inc.*, 35 B.R. at 49.

11. A corporation may act only through its agents. *See Warwick Dev. Co. v. G.V. Corp.*, 469 So.2d 1270, 1276 (Ala.1985); *Home Indem. Co. v. Anders*, 459 So.2d 836, 840 (Ala.1984).

als, one in the state court and one in the bankruptcy court, with attendant duplication and waste of judicial resources, will be required to resolve the same causes of action, if the stay is not lifted.

### 3. Resolution of Preliminary Bankruptcy Issues

The disposition of this factor is apparent. The debtor has not indicated that there are preliminary bankruptcy issues that should be determined before Mr. Franks' claim is resolved and this Court is not aware of any.

### 4. Costs of Defense or Other Potential Burden to the Estate

 The burden is on the party opposing the motion for relief to show that if a movant is allowed to proceed against a debtor in state court that there would be prejudice to the debtor, to the bankruptcy estate, and to other creditors.[12] In this case the debtor relies on "cost of defending the action" to confront this burden. The cost of defense alone, however, is ordinarily not considered a sufficient basis for denying relief from the stay.[13] And even if it were, the debtor presented no evidence here of potentially prejudicial defense costs. As indicated before, the state court suit appears to be a simple case and should not require a lengthy

trial. Preparation of the debtor's defense should, therefore, require only a relatively modest investment of time and expense. In any event, there is no evidence that the debtor's defense costs will be appreciably larger if the case is tried in the state court rather than the bankruptcy court.

 Furthermore, as to the claim of fraud against the debtor, there was no indication made by Mr. Kramer that the debtor has a defense separate from that raised by Mr. Johnson. According to Alabama case law, the debtor's liability for the fraud of its agents is vicarious only, and therefore, will be automatically imposed if the individual defendants are determined to be guilty.[14] Conversely, if the individual defendants are found not guilty of fraud, then judgment for the debtor must also be entered. Because the debtor and Mr. Johnson share the same defense and the same attorney in the state court action, the debtor and its creditors will benefit from the resolution of all issues in one trial by avoiding duplicitous attorney fees and other litigation expenses. The debtor and Mr. Johnson will be able to share the attorney's fees and costs involved in preparing and participating in one trial rather than separately paying for two trials involving the same issues.[15]

---

**12.** In re Tricare Rehabilitation Sys., Inc., 181 B.R. at 575. See also In re Unanue–Casal, 159 B.R. at 95; In re Anton, 145 B.R. at 769; In re Todd Shipyards Corp., 92 B.R. at 602; In re Unioil, 54 B.R. at 194; In re Hoffman, 33 B.R. at 941.

**13.** In re Tricare Rehabilitation Sys., Inc., 181 B.R. at 575. See also In re Anton, 145 B.R. at 770; In re Todd Shipyards Corp., 92 B.R. at 602; In re Unioil, 54 B.R. at 195; In re Westwood Broadcasting, Inc., 35 B.R. at 49; In re Hoffman, 33 B.R. at 941.

**14.** See Pacific Mut. Life Ins. Co. v. Haslip, 553 So.2d 537, 541 (Ala.1989), aff'd, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991).

**15.** See e.g., In re Tricare Rehabilitation Sys., Inc., 181 B.R. at 576–577.

At the hearing on this motion Mr. Kramer stated that the cost of defending the state court action would have to be borne by the debtor and paid through the Chapter 11 plan to the detriment of creditors in general. Two particulars are raised by that statement and this Court must address them now. First, as indicated before,

the Court has not been asked to approve the employment of any attorney to defend the debtor in the state court action. Before an attorney may be compensated for defending the debtor in state court, his or her employment must be approved before the work is done, as required by 11 U.S.C. § 327(a), and, after the work is done, a proper application for compensation must be filed with the bankruptcy court as required by 11 U.S.C. § 330. A hearing must be held to consider the application and notice of the hearing must be mailed to all creditors.

Secondly, after consideration of the attorney's application, the Court may award only compensation for work performed that was reasonably likely to benefit the debtor's estate or was necessary to the administration of the case. 11 U.S.C. §§ 330(a)(3)(C) and (a)(4)(A). Generally speaking, work performed for the benefit of a party other than the debtor is not compensable under Section 330. Consequently, Mr. Johnson must pay for the cost of his own defense in state court and, conversely, time spent by an attorney defending Mr. Johnson, as opposed to the debtor corporation, in state court is not compensable and may not be paid by the debtor or under the auspices of the debtor's Chapter 11 plan. This

### 5. The Creditor's Chances of Success on the Merits

■ Without knowing the testimony the state court will hear, it is not possible for this Court to predict to what extent, if any, Mr. Franks will be successful.[16] In any event, it is unnecessary for a court to find, before lifting the stay, that all considered factors weigh in favor of a party requesting relief from the stay.[17]

### 6. Specialized Expertise of the Non–Bankruptcy Forum

■ All of the issues in the case strictly involve Alabama state law. The state court judge is familiar with the law which forms the framework for the resolution of the issues involved in the case. These facts weigh in favor of granting relief from the stay since the state court should be more familiar and more experienced with state law issues than the bankruptcy court and a determination of the issues involved in the litigation will not require the expertise of a bankruptcy judge.[18]

does not mean, of course, that, if the defense presented by both defendants is identical, the attorney must distinguish between time spent on one defendant and time spent on the other. At a minimum, however, it does mean that the cost of defense must be split evenly between the two defendants and may mean that further allocation of defense costs must be made based on other considerations, such as, which defendant had the more active role in the circumstances that resulted in the lawsuit and which defendant ultimately had more liability from an adverse verdict.

16. *In re Tricare Rehabilitation Sys., Inc.*, 181 B.R. at 577; *In re Peterson*, 116 B.R. 247, 249–50 (D.Col.1990).

17. *In re Tricare Rehabilitation Sys., Inc.*, 181 B.R. at 577; *In re Laventhol & Horwath*, 139 B.R. 109, 117 n. 8 (S.D.N.Y.1992).

18. *In re Tricare Rehabilitation Sys., Inc.*, 181 B.R. at 574 n. 10. *See also In re Unanue–Casal*, 159 B.R. at 98; *In re Revco D.S., Inc.*, 99 B.R. at 777; *Broadhurst v. Steamtronics Corp.*, 48 B.R. at 802–03; *In re America West Airlines*, 148 B.R. at 925; *In re Parkinson*, 102 B.R. at 142; *In re Newport Offshore, Ltd.*, 59 B.R. 283, 286 (Bankr. D.R.I.1986); *cf. In re Universal Life Church, Inc.*, 127 B.R. at 455 (relief from stay granted to allow liquidation of tax claim in state tax court).

### 7. Whether the Damages or Claim that may Result from the Non–Bankruptcy Proceeding may be Subject to Equitable Subordination under 11 U.S.C. § 510(c)

■ The possibility that the state court jury may award substantial punitive damages against the debtor does not militate against lifting the stay. This Court might do the same, if the stay is not lifted. Speculation regarding which forum might lend more favorable treatment to the debtor or render a smaller verdict against the debtor is not a relevant consideration in determining whether to lift the stay. The possibility that, as a matter of bankruptcy law in a Chapter 11 case, a claim for punitive damages may, by virtue of 11 U.S.C. § 510(c) be classified in a plan of reorganization separately from and subordinated to other general unsecured claimants for purposes of distribution, or disallowed entirely if allowance would frustrate a successful reorganization to the detriment of other creditors, is, however, a relevant consideration. The subordination or disallowance of punitive damages in Chapter 11 is supported by ample authority.[19] This Court

19. *In re GAC Corp.*, 681 F.2d 1295, 1301 (11th Cir.1982) (punitive damages claims disallowed); *In re A.H. Robins Co., Inc.*, 89 B.R. 555, 563–564 (E.D.Va.1988) (punitive damages claims disallowed); *In re Hillsborough Holdings Corp.*, 146 B.R. 1015, 1022 (Bankr.M.D.Fla.1992) (punitive damages claims disallowed); *In re Apex Oil Co.*, 118 B.R. 683, 696–697 (Bankr.E.D.Mo.1990) (punitive damages claims subordinated); *In re Johns–Manville Corp.*, 68 B.R. 618, 627 (Bankr. S.D.N.Y.1986), *aff'd*, 78 B.R. 407 (S.D.N.Y.1987), *aff'd sub nom., Kane v. Johns–Manville Corp.*, 843 F.2d 636 (2d Cir.1988) (punitive damages claims disallowed); *In re Colin*, 44 B.R. 806, 810 (Bankr.S.D.N.Y.1984) (punitive damages claims subordinated). *See, e.g., In re Burden*, 917 F.2d 115, 118–119 (3rd Cir.1990) (nonpecuniary loss tax penalties may be subordinated in chapter 13 case); *In re F.D. Roberts Sec., Inc.*, 115 B.R. 485, 495 (Bankr.D.N.J.1990) (judgment which state might obtain on penalty claims for violations of state securities and racketeering laws would be subordinated to claims of general unsecured creditors).

"[A]bsent affirmative Congressional intent to the contrary, judicially created doctrines under prior law remain viable, with silent abrogation particularly disfavored." *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1378 (11th Cir.1994). For that reason, the Eleventh Circuit's decision in *In re GAC Corp.* may control even though it was

is not prepared at this time to rule on the issue, since neither party has directly raised or addressed the issue or been given an opportunity to argue or brief the issue, and because the consideration of other factors indicates that Mr. Franks should be allowed to proceed in state court. If, however, the punitive damages portion of any award to Mr. Franks may be subordinated, the possibility that a substantial award of punitive damages may be awarded against the debtor in the state court six months from now, would not, standing alone, prevent the debtor from presently proposing and achieving confirmation of a plan. Expeditious liquidation of Mr. Franks' claim in the bankruptcy court would not be crucial. Furthermore, if any punitive damages award to Mr. Franks may be subordinated, that fact, coupled with the fact that a corporation may discharge a debt resulting from fraud in Chapter 11, would relieve the debtor, as opposed to Mr. Johnson, from the necessity of investing a great deal of time, money or effort in preparing and presenting an "all out" defense in the state court proceeding.

### 8. The Extent to Which Trial of the Case in the Non–Bankruptcy Forum Will Interfere With the Progress of the Bankruptcy Case

Certainly the inability to predict the amount of damages that may be awarded limits the ability of the debtor to accurately formulate a plan or determine whether a feasible plan can be formulated as well as the ability of creditors to evaluate the plan or determine whether acceptance of the plan would be advantageous.[20] A large verdict may place the chance of reorganization beyond the debtor's financial ability, reduce the benefits to be paid under a plan to the extent that the debtor cannot obtain the votes required for confirmation, or extinguish the debtor's desire to continue in Chapter 11. Until the claim is reduced to a sum certain, the case may be in limbo.

 Section 502(c) authorizes and requires this Court to estimate an unliquidated claim if liquidation of the claim would "unduly delay administration of the case." Both Mr. Bass and Mr. Kramer have indicated that the trial of Mr. Franks' lawsuit should

---

decided under the Bankruptcy Act, which like the Bankruptcy Code, contained no provision which specifically addressed the issue. In that case, the court affirmed denial by the district court of a claim for punitive damages in a corporate reorganization case. The court explained:

> Novak's final contention is that the bankruptcy court erred by striking his claim for punitive damages. The bankruptcy court concluded that such claims are not appropriate in the bankruptcy context because the rationale for punitive damages is to punish the wrongdoer, whereas allowing such claims in bankruptcy would have the effect of punishing innocent third parties, i.e., the other creditors. Novak, citing no supporting authority in the bankruptcy or any other context, argues that one purpose of punitive damages is to deter future wrongful conduct and that this purpose would be served by allowing his punitive damages claim. This reasoning is unsound, however, because future wrongful conduct will not be deterred when the punitive damages are paid from the wrongdoer's estate rather than from his own pocket. We agree with the bankruptcy judge that the effect of allowing a punitive damages claim would be to force innocent creditors to pay for the bankrupt's wrongdoing. Such a result would be inequitable, and the punitive damages claim was properly stricken.

681 F.2d at 1301.

20. The debtor filed a plan of reorganization on October 17, 1995, and filed a disclosure statement on November 27, 1995. The hearing to consider approval of the disclosure statement was set for January 8, 1996.

In the plan, the debtor proposes to pay a minimum of $200 per month to be disbursed pro rata among unsecured, nonpriority creditors until all unsecured, nonpriority creditors have been paid in full. No definite time frame for the completion of the payments is specified. The plan does not classify Mr. Franks' claim differently from other unsecured creditors.

In the disclosure statement, Mr. Franks' claim is not included in the estimation of the debtor's total liabilities. The suit filed by Mr. Franks is referred to in Paragraph VII of the disclosure statement, where the debtor makes the following statement: "In the event that relief from the stay is granted, and debtor is found to be liable to the plaintiffs, Debtor anticipates having to modify the plan of reorganization to include said creditor."

Since neither Mr. Franks nor Mr. Bass is listed on the mailing matrix, it is uncertain whether either received notice of the hearing on the disclosure statement. The debtor should insure that Mr. Bass was provided with notice of the hearing, as well as notice of future hearings in this case.

be completed in state court at least within six months after the stay is lifted. To what extent the case can be tried in the bankruptcy court in a lesser amount of time is uncertain. On the other hand, no evidence was presented that would lead to the conclusion that delaying the administration of this Chapter 11 case for that period would impose a hardship on anyone, or materially threaten the debtor's ability to obtain confirmation of its plan. Similarly, no authority was cited that supports a contention that six months would otherwise constitute an "undue" delay in the administration of this case. For all of those reasons, the Court finds that allowing Mr. Franks' lawsuit to proceed in state court will not unduly delay the administration of the debtor's case. However, Section 502(c) remains available if it later becomes apparent that the state court trial will be substantially delayed or postponed for a longer period.[21]

### 9. The Anticipated Impact on the Movant if the Stay is Lifted

▮▮▮ The hardships that will result to Mr. Franks if he is denied relief from the stay are apparent. Mr. Franks will be forced to try his case twice, once against the debtor in the bankruptcy court and a

second time in the state court against Mr. Johnson, with concomitant delay and additional personal expense.[22] If Mr. Franks is forced to try his case against the debtor in the bankruptcy court, he will be denied his constitutional right to a trial by jury.[23] While, ordinarily, the summary objection to claim process is essential to the smooth and expeditious administration of bankruptcy estates, a claimant's right to a jury trial should be accommodated if circumstances allow it to be done without substantial prejudice to estate administration.[24]

### 10. The Presence of Third Parties Over Which the Bankruptcy Court Lacks Jurisdiction

▮▮▮ Because this Court does not have jurisdiction over Mr. Johnson, a third party, a non-bankruptcy forum may be better suited to fully determine the issues involved in this case.[25] One trial, in the state court, which has jurisdiction over both the debtor and Mr. Johnson, will be more beneficial to all concerned. This Court will be able to use its time and resources to resolve other matters; the debtor will be able to share defense costs with Mr. Johnson; Mr. Franks will be

---

21. If liquidation of an unliquidated or contingent claim in a nonbankruptcy forum will unduly delay the administration of a Chapter 11 case, the bankruptcy court must either liquidate the claim or, if liquidation of the claim is allowed to proceed in the nonbankruptcy forum, estimate the claim so that the debtor can determine whether any plan is possible, *In re Poole Funeral Chapel, Inc.*, 63 B.R. 527, 533–534 (Bankr.N.D.Ala. 1986), and to determine the weight to be given the claim for purposes of voting on the debtor's plan of reorganization. *In re Federal Press Co.*, 116 B.R. 650, 653 (Bankr.N.D.Ind.1989). Of course, if the claim is ultimately allowed in a different amount by the nonbankruptcy tribunal, the claimant may become entitled to a greater or lesser distribution than originally anticipated under the confirmed plan. *Bittner v. Borne Chemical Co.*, 691 F.2d 134, 137 (3rd Cir.1982). See, e.g., *In re Chateaugay Corp.*, 944 F.2d 997, 1006 (2nd Cir.1991); *In re Eagle Bus Mfg., Inc.*, 158 B.R. 421, 437–438 (S.D.Tex.1993); *In re Johns–Manville Corp.*, 45 B.R. 823, 826 (S.D.N.Y.1984); *In re Continental Airlines Corp.*, 60 B.R. 903, 906 (Bankr.S.D.Tex.1986); *In re Nova Real Estate Inv. Trust*, 23 B.R. 62, 66 (Bankr.E.D.Va.1982).

22. See *In re Tricare Rehabilitation Sys., Inc.*, 181 B.R. at 578; *In re Anton*, 145 B.R. at 770; *In re*

*Murray Indus., Inc.*, 121 B.R. at 637; *In re Parkinson*, 102 B.R. at 142; *In re Unioil*, 54 B.R. at 195; *In re Westwood Broadcasting, Inc.*, 35 B.R. at 49; *In re Hoffman*, 33 B.R. at 941.

23. There is no Seventh Amendment right to a jury trial for the allowance and disallowance of claims under 11 U.S.C. § 502. *Katchen v. Landy*, 382 U.S. 323, 337, 86 S.Ct. 467, 476–77, 15 L.Ed.2d 391 (1966). See also, *Langenkamp v. Culp*, 498 U.S. 42, 45, 111 S.Ct. 330, 331–32, 112 L.Ed.2d 343 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57–59, 109 S.Ct. 2782, 2798–99, 106 L.Ed.2d 26 (1989).

24. *In re Tricare Rehabilitation Sys., Inc.*, 181 B.R. at 578; *In re Hoffman*, 33 B.R. at 942.

25. *In re Tricare Rehabilitation Sys., Inc.*, 181 B.R. at 578. See also *In re Revco D.S., Inc.*, 99 B.R. at 776; *Broadhurst v. Steamtronics Corp.*, 48 B.R. at 802; *In re Harris*, 7 B.R. at 286; *In re Anton*, 145 B.R. at 770; *In re Murray Indus., Inc.*, 121 B.R. at 636; *In re Parkinson*, 102 B.R. at 142–43; *In re Yaffe*, 58 B.R. at 28; *In re Unioil*, 54 B.R. at 194–95; *In re Westwood Broadcasting, Inc.*, 35 B.R. at 49; *In re Fielder*, 34 B.R. at 604; *In re Hoffman*, 33 B.R. at 941.

able to cut expenses and time and will be able to try his case before a jury.

In addition, the danger of conflicting verdicts is a real possibility. To require Mr. Franks to try his case against Mr. Johnson in state court and to try his case against the debtor in bankruptcy court, would subject Mr. Franks and both defendants to this possibility. From Mr. Franks' perspective, a verdict rendered for one defendant in one forum and against the other defendant in the other forum would create an anomalous situation where Mr. Franks may be able to collect only against one defendant. From the defendants' perspective, Mr. Franks would be able to have two chances at recovery when he otherwise would have only one.[26]

## IV. CONCLUSION

After due consideration of the relevant factors, the Court concludes that the equities of the situation weigh in favor of Mr. Franks and that all involved in the proceeding, including the debtor, would benefit from liquidation of Mr. Franks' claim in the pending state court proceeding. Furthermore, litigation of Mr. Franks' claim in the state court will not unduly hinder, impede or delay the administration of the bankruptcy estate, or materially prejudice the rights of the debtor or other creditors. The Court, accordingly, finds that there is cause under section 362(d) to grant Mr. Franks' motion for relief from the stay and to allow him to continue his state court lawsuit against the debtor, provided that any judgment he may receive from the state court may be executed only by way of the filing of a proof of claim in this bankruptcy case.[27] It is **ORDERED, ADJUDGED AND DECREED** that:

1. The *Complaint for Relief from the Automatic Stay* filed by Mr. Paul Franks is granted.

2. Any debt owed by the debtor to Mr. Franks for monetary damages resulting from judgement in the state court proceeding shall be collected solely by means of a proof of claim in this bankruptcy proceeding. Unless otherwise modified by order of this Court or terminated by operation of law, the stay shall remain in effect to preclude the collection of any such debt from the debtor or the debt-

---

26. *See In re Tricare Rehabilitation Sys., Inc.*, 181 B.R. at 578; *In re Revco D.S., Inc.*, 99 B.R. at 776; *Broadhurst v. Steamtronics Corp.*, 48 B.R. at 802; *In re Harris*, 7 B.R. at 286; *In re Anton*, 145 B.R. at 770; *In re Parkinson*, 102 B.R. at 142–43; *In re Unioil*, 54 B.R. at 195; *In re Westwood Broadcasting, Inc.*, 35 B.R. at 49; *In re Fielder*, 34 B.R. at 604.

27. The same result may be required as well under 28 U.S.C. § 1334(c)(2) which provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain or not to abstain made under this subsection is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

Pursuant to the Section 1334(c)(2), many bankruptcy courts have abstained from the trial of lawsuits brought against debtors and non-debtor codefendants and allowed those lawsuits to proceed in state court when, as in the case of Mr. Franks' lawsuit, strictly state law issues were involved and the lawsuits could proceed to trial promptly. *See Baxter Healthcare Corp. v. Hemex Liquidation Trust*, 132 B.R. 863 (N.D.Ill.1991); *In re Revco D.S., Inc.*, 99 B.R. 768 (N.D.Ohio 1989); *Mattingly v. Newport Offshore, Ltd.*, 57 B.R. 797 (D.R.I.1986); *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.*, 51 B.R. 578 (N.D.Ind.1985); *In re Fulfer*, 159 B.R. 921 (Bankr.D.Idaho 1993); *In re Cache, Inc.*, 71 B.R. 851 (Bankr.S.D.Fla.1987); *In re McGuirt*, 61 B.R. 974 (Bankr.S.D.Tex.1986). No motion for abstention has been filed and this Court has disposed of the issues involved in the present motion pursuant to 11 U.S.C. § 362(d). This Court's conclusion that Mr. Franks' lawsuit, which involves purely state law issues that can be readily tried in state court, should be allowed to proceed is, however, bolstered by Section 1334(c)(2) which, at the very least, represents a strong expression of Congressional preference that, when possible and expedient, trials of lawsuits involving state law issues should be tried in familiar state forums, with attendant trappings of due process.

or's property outside of this bankruptcy proceeding.